[No. 12924.   Department Two.   December 11, 1915.]

## C. E. Russell, *Appellant*, v. Union Machinery & Supply Company, *Respondent.*[1]

Set-Off and Counterclaim—Contract or Tort.   In an action on contract, defendant may counterclaim for the loss of an engine held by plaintiff under a lease and used and "carelessly and negligently" allowed to be destroyed, and which he thereafter agreed to pay for; since the counterclaim was for breach of contract of bailment and the allegation as to negligence did not convert the grievance into tort.

Same.   The fact that plaintiff subsequently agreed to pay for the loss does not affect the propriety of the counterclaim.

Bailment—Bailee's Successor—Degree of Care.   Where a creditor seized the property of his insolvent debtor in such way as to be a principal, he must exercise the same degree of care towards property held by the debtor under a contract of bailment as the debtor was obligated to.

Bailment—Care of Bailee—Presumption.   On a bailee's failure to redeliver the property, the presumption is against his carefulness.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered January 20, 1915, upon findings favorable to the defendant, in an action on contract, tried to the court.   Affirmed.

*B. E. Padgett*, for appellant.

*Cooley & Horan* and *R. Mulvihill*, for respondent.

Bausman, J.—Action at law tried without a jury, plaintiff appealing from a judgment in his own favor diminished by successful counterclaims.   Of these there are three.   Two, in small sums, we find obviously well established.   There being no cross-appeal, the sole question here arises under the remaining counterclaim.

Against Russell's complaint in contract, defendant set up its loss of an engine, leased in writing to the partnership of Thomas & Wayland, who had assigned the lease and deliv-

[1]Reported in 153 Pac. 341.

ered the engine to Russell. The latter, using the engine, it was alleged, had "carelessly and negligently" let it be destroyed, whereupon defendant demanded, and Russell agreed to pay, $1,800 as its value. This, Russell contends, was an attempt to set off tort against contract, contrary to our code. He moved below to strike the words "carelessly and negligently" as irrelevant, and, that failing, demurred to the whole of the counterclaim as "not stating sufficient facts to constitute a counterclaim" to the complaint. That also being overruled, he carried both alleged errors here, the counterclaim being sustained after evidence.

The lower court was clearly right in these rulings. The words not stricken were proper in an allegation of breach of bailment and did not convert the grievance into tort, for the injury arose, not from a meddling, but out of bailment in writing. This conclusion supports, also, the ruling on the demurrer. Nor do we think that the counterclaim lost its propriety by the further allegation of an agreement by Russell to pay the loss, which further allegation was neither attacked by the motion, for that was specific, nor reached by the demurrer, for that was general.

There remains a challenge against the findings sustaining this counterclaim, but we have no hesitation in confirming them. Russell, admitting that he had actual possession of this engine at the time of its loss, says that he held it only as agent for Thomas & Wayland. Never, then, did agent more completely displace his principal. Russell, being in some way financially involved or connected with Thomas & Wayland, had found it expedient to seize their affairs, both in the office and in the logging camp, without any other caution apparently than that of not using his own name. Actually he became the sole manager of their affairs. The particular situation of this very engine was drawn to his attention. Before the mishap occurred to it, he was told that it was in a dangerous place. Convinced, as we are, that he had so possessed himself of Thomas & Wayland's property

as to be not agent but principal, and agreeing with the lower
court in that respect, we must hold that the degree of care
that Thomas & Wayland were obligated to was Russell's re-
quired degree also.   The presumption is against the bailee's
carefulness when he fails to redeliver the chattel.   *Kingsley
v. Standard Lumber Co.*, 84 Wash. 189, 146 Pac. 369.   To
this adverse presumption, was added testimony of actual neg-
ligence from several witnesses sufficient to sustain the find-
ings.

The judgment is affirmed.

MORRIS, C. J., MAIN, PARKER, and HOLCOMB, JJ., concur.