[No. 14193.    Department Two.    February 6, 1918.]

C. E. RUSSELL, *Respondent,* v. UNION MACHINERY & SUPPLY COMPANY, *Appellant.*[1]

JUDGMENT—VACATION—VALID DEFENSE. A judgment cannot be vacated on the ground of excusable neglect where the answer does not state a defense to the action.

TROVER AND CONVERSION—DEFENSES — JUDGMENT FOR DESTRUCTION OF PROPERTY. In an action for the conversion of a donkey engine, an answer that the engine was destroyed by fire by the neglect of the defendant and that plaintiff recovered judgment from the defendant for its value, states a good defense, since whatever was left of the engine belonged to the defendant.

TAXATION—TAX TITLE—PERSON NOT OWNER. After obtaining judgment for the full value of an engine converted by the defendant and destroyed by fire, the plaintiff has no further interest in the junk or whatever was left, and cannot, by payment of a tax wrongfully assessed against plaintiff and tax sale, acquire any title to the junk.

[1]Reported in 170 Pac. 565.

Appeal from an order of the superior court for Snohomish county, Bell, J., entered December 19, 1916, denying a motion to vacate a judgment, after a hearing before the court. Affirmed.

*Walter S. Fulton* and *Cooley, Horan & Mulvihill*, for appellant.

*B. E. Padgett*, for respondent.

MOUNT, J.—This is an appeal from an order of the lower court denying a motion to set aside a judgment.

The facts may be briefly stated as follows: In November, 1916, the respondent brought an action against the appellant alleging that, prior to January 20, 1916, the respondent was the owner, and in possession, of a donkey engine of the value of $1,400; that, on that day, the appellant unlawfully and wrongfully converted the engine to its own use, and prayed for a judgment for its value. Thereafter the appellant filed an answer which, after general denials, alleged two affirmative defenses to the effect that, in November, 1913, it was the owner of the engine and leased the same to a copartnership by the name of Thomas & Weyland; that Thomas & Weyland leased the engine to the respondent; that the respondent, while in possession of the engine, negligently permitted it to be destroyed; that thereafter the appellant brought an action and recovered damages against the respondent for the value of the engine; that thereafter the judgment in that case was affirmed on appeal to this court. *Russell v. Union Machinery & Supply Co.*, 88 Wash. 532, 153 Pac. 341. For further affirmative defense, the appellant alleged that, on April 9, 1914, officers of Snohomish county listed the engine as the property of the appellant and levied a tax of $25.20 for that year against the appellant; that the tax was not paid and a distress warrant was issued to the sheriff for the collection of the tax;

that the sheriff levied upon the junk of said engine and the same was sold at public auction on the 22d day of June, 1915, and bid in by the appellant for the tax due. After this answer was served, the respondent filed a reply thereto and the case was regularly set down for trial. In the meantime, counsel for the appellant became sick and was unable to attend the trial on the day set therefor. When the case was called for trial, no one appeared for the appellant, and, upon a hearing, the lower court entered a judgment in favor of the respondent for $1,400, which was found to be the value of the engine. Thereafter the appellant appeared by motion and moved to vacate that judgment upon the ground of excusable neglect. This motion was supported by affidavits which set out the fact that counsel was ill and unable to be present at the trial, and that an answer was on file and the appellant had been advised by counsel that it had a good defense to the action. Counter affidavits were filed, and, upon a hearing thereof, the court denied the motion to vacate the judgment, and this appeal followed.

This court has held in a number of cases that a voidable judgment will not be vacated unless the court finds that there is a valid defense to the action stated in the complaint, and also that there is substantial evidence to support the facts alleged as a defense. In *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158, speaking to this point, after reviewing a number of cases decided by this court, we said:

"The sum of the holdings in these cases is that, where the judgment sought to be vacated is not void for lack of jurisdiction obtained by service, but is voidable because irregularly or fraudulently procured, it will not be vacated until the court finds, not only that the facts alleged in the petition to vacate constitute a defense to the cause of action stated in the complaint in the original action, but also that there is substantial

evidence to support, at least *prima facie,* the matter of defense so alleged.   As pointed out in *Williams v. Breen, supra* [25 Wash. 666, 66 Pac. 103], this does not mean that the court on such a petition must try the entire cause, but only that it must find that the evidence adduced is *prima facie* sufficient to take the case to a jury.''

Conceding, without deciding, that the affidavits in support of the motion to vacate are sufficient to show an excuse for counsel representing the appellant not appearing at the trial and that appellant was not negligent, it is plain, we think, that the court was justified in denying the motion to vacate the judgment because the answer which was filed to the complaint did not state a defense. The answer shows that the engine originally belonged to the appellant; that it was destroyed while in the possession of the respondent by his neglect; and that the appellant sued the respondent for the destruction of the engine and recovered its value. Whatever was left of the engine belonged to the respondent under that state of facts.   The answer, as a further defense, alleges that, after the action was begun, the assessing officers of Snohomish county, where the engine then was, assessed it as the property of the appellant and levied a tax against the appellant amounting to $25.20.   The appellant did not pay this tax, but permitted it to become delinquent; the taxing officers then attempted to sell the engine, or junk, as it is termed in the briefs, and the appellant bid it in, and now seeks to claim ownership of the property by the payment of its own tax.   It seems plain that, if the engine was not the property of the appellant when the tax was levied, the payment of this tax would not make the property that of the appellant.   Upon the answer, we think it is apparent that the appellant, after obtaining a judgment for the full value of the property,

had no further interest in the engine, and that the payment of a tax wrongfully assessed against appellant did not make appellant the owner of the property on account of which the tax was levied. We are satisfied the answer does not state a defense to the action, and, for this reason, without considering any other, the trial court properly denied the motion to vacate the judgment. The order appealed from is therefore affirmed.

ELLIS, C. J., HOLCOMB, and MORRIS, JJ., concur.