## MINNEAPOLIS DRUG COMPANY, a Corporation, Respondent, v. CLYDE W. KEAIRNES et al., Appellants.

(167 N. W. 326.)

**"Bulk Sales Law" — sale of merchandise under — creditors — void as to — unless statute complied with — goods of debtor — trust fund for creditors — purchaser a trustee.**

> Under the "Bulk Sales Statute" a sale of merchandise in bulk is void as to creditors unless made in the prescribed manner. When not so made, the goods of the debtor become a trust fund for the benefit of his creditors and the purchaser becomes a trustee for the benefit of the creditors.

Opinion filed February 28, 1918. Rehearing denied April 9, 1918.

Appeal from the judgment of the District Court of Adams County, Honorable *W. C. Crawford,* Judge.

Defendants appeal.

Affirmed.

*E. C. Wilson,* for appellants.

In such cases as this one it is absolutely necessary for plaintiff to allege and to prove that execution had been issued and returned unsatisfied. Minkler v. U. S. Sheep Co. 4 N. D. 507; McGreenery v. Murphy, 39 L.R.A.(N.S.) 374.

Under the "Bulk Sales Law," if there were no compliance so far as affects the creditors, any creditor could have Keairnes declared to be a receiver for such creditor, of the goods and merchandise that came into his possession by virtue of the sale. Comp. Laws, § 7226; McGreenery v. Murphy, 39 L.R.A.(N.S.) 374, supra.

Nothing in such law indicates that there is any proceeding for a court of equity. The remedy against the so-called receiver is the same

---

NOTE.—The recent cases, as those cited in the earlier annotations, show a general disposition on the part of the courts to afford creditors of one who has made a sale in violation of the Bulk Sales Law every reasonable remedy, both at law and in equity, to protect their rights, as will be seen by an examination of notes in 39 L.R.A.(N.S.) 374, and L.R.A.1916B, 974, on remedy of creditors where sale is made in violation of Bulk Sales Law.

On statutory requirements on sale of stock of goods in bulk, see note in 2 L.R.A. (N.S.) 331.

as against anyone who holds the property of another. The object of the creditor is to get the money or the property, and the remedy is by appropriate action at law. Bixler v. Fry (Mich.) 122 N. W. 119; Tumlin v. Vanhorn, 77 Ga. 315.

In all cases where there is a valid levy, it excludes all other creditors so far as the property levied upon is concerned, excepting in bankruptcy cases. Garnishment is a seizure and creates an effectual lien; and resort to such remedy was proper. Rood, Garnishment, § 1; Burcell v. Goldstein, 23 N. D. 257; Rood, Garnishment, § 77, and citations; Blake v. Hubbard (Mich.) 7 N. W. 266.

Equity requires diligence, and any creditor may elect which of two remedies he will pursue,—by attachment or garnishment levy he gains a preference over all others. Ainsworth v. Roubal (Neb.) 105 N. W. 248; Salemonson v. Thompson, 13 N. D. 182.

In garnishment, under the Bulk Sales Law "the reward inures only to the benefit of the swift creditor." Comp. Laws, § 7583; Musselman v. Kidd (Mich.) 115 N. W. 409; Coffey v. McGahey (Mich.) 148 N. W. 356; Edgewell v. Haywood, 3 Ark. 357; John Spry Lumber Co. v. Chappell, 184 Ill. 539, 56 N. E. 794; Hillyer v. LeRoy (N. Y.) 72 N. E. 237; 6 Pom. Eq. Jur. §§ 893, 895 and cases cited; Battery Park Bank v. Western Bank (N. C.) 37 S. E. 461.

"The fact that another creditor had subsequently brought a suit against the bank on account of the same property or liability that the first creditor sought to charge in the action could not affect their right under their prior garnishment. Citizens Bank v. Farwell, 63 Fed. 117; Bradford v. Cooledge (Ga.) 30 S. E. 579; McGreenery v. Murphy, 39 L.R.A. (N.S.) 374, supra.

*P. D. Norton* and *C. M. Parsons,* for respondent.

The purchaser of property under the "Bulk Sales Law" of this state becomes the receiver of the property, for the benefit of all the creditors of the vendor of such property. The sale was illegal in that the statute was not followed. No list of names and addresses of the creditors, with the amount due each, was ever made or given by the vendor to his purchaser. Code, § 7224; Humiston, K. & Co. v. Yore (Mich.) 148 N. W. 266; Coffey v. McGahey, 148 N. W. 356.

"A purchaser in possession of a stock of goods who has not complied with the Bulk Sales Law will be held to have received the property in

trust for the benefit of the creditors. Scheve v. Vanderkolk (Neb.) 149 N. W. 401; Rev. Stat. 1913, § 2651; Fechheimer-Keiffer Co. v. Burton (Tenn.) 51 L.R.A.(N.S.) 343, 164 S. W. 1179.

"Since subrogation is a remedy invented by courts of equity, they will move to administer it where the result will be an equitable one, but not to work injustice to another in the defeat of an equal right." American Bonding Co. v. National Mechanics' Bank, 99 Am. St. Rep. 480; Kanffle v. Knoxville Bkg. & T. Co. 128 Tenn. 181, 50 L.R.A. (N.S.) 167.

The receiver in this case could not permit a preference to some creditors and evade a liability to other creditors standing in the same relation. Such is not the intent of the law. Scheve v. Vanderkolk (Neb.) 149 N. W. 401, supra; Fechheimer-Keiffer Co. v. Burton (Tenn.) 51 L.R.A.(N.S.) 343, 164 S. W. 1179, supra.

Robinson, J. This is an appeal from a judgment of the district court under the "Bulk Sales Statute." Comp. Laws 1913, § 7226. The statute is to the effect that sales of merchandise in bulk shall be void as to creditors unless made in a prescribed manner. That when a sale is not made in manner prescribed, then upon the application of any creditor the purchaser shall become a receiver of the goods for the benefit of all the creditors.

The purchaser in this case paid into court $410 as the price and value of the goods sold to him. And the court gave judgment that the money should be distributed *pro rata* to all the creditors after first paying the expense incurred by the appellants in trying to obtain a preference by garnishment and the levying of attachments. The judgment is manifestly fair and equitable, and in accordance with the letter and spirit of the statute. It gives to each creditor a dividend of about 40 per cent instead of permitting two or three parties to jump in and take all the money. Appellants claim that by extra diligence in garnishing and attaching the money they have gained a preference right over the other creditors. To allow their claim would be to nullify the beneficent purposes of the statute. It is fair to assume that each creditor contributed his share to the stock of goods, and that on a sale of the same each should receive a *pro rata* share.

We agree with the supreme court of Washington that the object of

this law was to hold the goods of debtors under such circumstances as a trust fund for the benefit of the creditors, and to hold the purchaser in possession as a trustee for such creditors. Fritz Henry v. Munter, 33 Wash. 629, 74 Pac. 1003. The purpose was to prevent an expensive and unseemly scramble for unjust preferences, and to secure a fair distribution of the property of insolvent debtors.

Judgment affirmed.

BIRDZELL, J. I concur in the result.