[No. 16853.  Department One.  December 6, 1922.] ·

JOSEPH BUERKLI, *Appellant,* v. CARSTENS PACKING
COMPANY, *Respondent.*[1]

SALES (159)—SET-OFF AND COUNTERCLAIM (3)—ACTIONS ON CON-
TRACT.  In an action for the price of cattle sold, defendant may
counterclaim for breach of a contract of warranty by plaintiff on
another sale of other cattle, under Rem. Comp. Stat., § 265, allowing,
in an action on contract, a counterclaim for any other cause of
action.

EVIDENCE (207½)—COMPETENCY OF EXPERTS—DISEASES OF CATTLE.
Upon an issue as to the breach of warranty of a sale of cattle and
for fraud in representing that they had been given the tuberculin
test, a physician who was not a veterinary surgeon and knew noth-
ing about the effect of the tuberculin test on cattle is not qualified to
testify as an expert.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered September 6, 1921,
upon the verdict of a jury rendered in favor of the
defendant, in an action on contract.  Affirmed.

*Fred M. Bond,* for appellant.

*Welsh & Welsh, E. S. Snelling,* and *A. O. Bur-
meister,* for respondent.

HOLCOMB, J.—Appellant brought action against re-
spondent to recover an alleged balance due of $225 for
the sale of forty-seven head of cattle.

Respondent answered setting up a counterclaim and
cross-complaint, demanding damages in the total sum
of $234.31, for an alleged breach of a contract of war-
ranty by another sale of thirteen head of cattle by ap-
pellant to respondent.

The allegations as to the counterclaim and cross-
complaint were that certain false, fraudulent and un-

'Reported in 210 Pac. 798.

true representations made for the sole purpose of deceiving and defrauding respondent were made as to the thirteen head of cattle having been given the tuberculin test a few days before the sale, by the state veterinary inspector; that, after the sale, when the cows were tested, the government inspector condemned three head of the cattle of the value of $235.00; that $3.77 had been paid as freight on the three head; that the buying expenses of respondent were $1 per head.

Appellant replied to the counterclaim and cross-complaint, denying all fraud and deceit, and alleging that the cattle so purchased had been inspected by the state inspector, and that all the statements made by appellant were true, and further denied that there were any warranties or guaranties on the part of appellant to the respondent that the cattle were free from tuberculosis.

On a trial before a jury, a verdict was rendered for the appellant in a small sum, being the difference between the $225 due appellant, with interest from November 1, 1919, aggregating $239.17, and the counterclaim of respondent of $234.31.

Appellant moved for judgment notwithstanding the verdict for the full amount of his claim, or, in the alternative, for a new trial. These motions being denied, he has appealed.

Twelve assignments of error are made by appellant, but nearly all of them were discussed under two or three heads.

Appellant's first contention is that the counterclaim of respondent as pleaded, is a claim of fraud and deceit, and is not a proper counterclaim to such an action as was brought by appellant. He claims that the counterclaim arises out of tort, and not out of contract.

It is true appellant brought his action to recover the balance due on the purchase price of a number of cattle sold upon a written contract, and that respondent claimed in its counterclaim that it had been damaged on account of a breach of warranty arising out of the contract for the sale of other cattle.

Section 8352, Pierce's 1921 Code [Rem. Comp. Stat., §265], provides that the counterclaim authorized in the preceding section, must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action: (1) a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; (2) in an action arising on contract, *any other cause of action* arising also on contract, and existing at the commencement of the action.

Under the above provisions, if the counterclaim arises out of tort, it cannot be set out in an action arising out of contract; but if it arises out of contract it can be.

It seems clear that this counterclaim, as alleged, is one arising from the breach of a warranty on a contract, and falls clearly within the rule announced by this court in *Shelton v. Conant,* 10 Wash. 193, 38 Pac. 1013. There we said:

"The second subdivision of Code Proc., § 195, especially provides for a counter-claim in an action arising on contract of *any other cause of action arising also on contract.* There has been more or less controversy as to whether unliquidated damages arising upon, and because of the failure of the plaintiff to carry out, another contract than the one upon which he sues can be recovered in this manner, but we think the rule is now well settled in all jurisdictions which have code provisions such as our own. Pomeroy, Code Remedies,

(3d ed.), § 798; Bliss, Code Pleading, §§ 378, 382. *Niver v. Nash,* 7 Wash. 558, 35 Pac. 380, held nothing to the contrary.''

In *Russell v. Union Machinery & Supply Co.,* 88 Wash. 532, 153 Pac. 341, we held also that in an action on contract defendant may counterclaim for the loss of an engine held by plaintiff under a lease and used, and carelessly and negligently allowed to be destroyed, since the counterclaim was for breach of contract of bailment and the allegation of negligence did not convert the grievance into tort. Appellant's first contention is therefore not well founded.

The second group of errors urged by appellant consists of the contention that the evidence in the case was insufficient to justify the verdict of the jury; that the question of the counterclaim should not have been submitted to the jury for the reason that there was no evidence to show a contract, and for the further reason that the cattle were not sufficiently identified as being the cattle sold by appellant to respondent.

There was sufficient direct evidence to show a contract. The evidence to identify the cattle involved in respondent's counterclaim was partly circumstantial and partly direct. We are satisfied, however, that it was sufficient to take the case to the jury on that question.

Another error urged by appellant was the refusal of the trial court to allow a witness named Dr. Bammert to testify in his behalf. Bammert was a physician and surgeon, but not a veterinary surgeon. He had never qualified in the veterinary science and had never treated cattle or animals, and knew nothing about the effect of the tuberculin test on cattle, or other animals. He testified that he had never gone into the science of studying diseases of cattle.

While a general physician may have some knowledge as to the effect of tuberculin tests on either human or other animals, this witness cannot be said to have so qualified himself as to diseases of cattle and testing them for tuberculosis that he was a competent witness. The court was right in rejecting his evidence.

We find no error and the judgment is affirmed.

PARKER, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.