[No. 17402.    Department One.    December 21, 1922.]

## FARMERS & MERCHANTS BANK, *Appellant*, v. L. R. EAGON *et al., Respondents.*[1]

SET-OFF AND COUNTERCLAIM (9) — SUBJECT-MATTER — SUBSISTING RIGHT OF ACTION. A counterclaim existing June 27, 1921, at the time of the commencement of an action upon a note, within Rem. Comp. Stat., § 265, is sufficiently shown, in the absence of motion or demurrer, by an answer alleging that $300 was due from plaintiff on account of a sale of defendant's cattle negotiated by plaintiff at a price less than that authorized by defendant, shortly after the month of April, 1920.

SAME (12)—SUBJECT-MATTER—CONTRACT OR TORT. A counterclaim for $300 on account of an agent's negotiating a sale of defendant's cattle at a price less than that authorized is based upon a cause arising *ex contractu.*

BILLS AND NOTES (144)—ACTIONS—ATTORNEY'S FEES. In an action on a promissory note stipulating for a reasonable attorney's fee, a reasonable fee, in case of suit, is part of the recovery.

Cross-appeals from a judgment of the superior court for Walla Walla county, Mills, J., entered April 27, 1922, upon the verdict of a jury rendered in favor of the defendants, in an action on a promissory note. Affirmed.

*G. S. Bond,* for appellant.

*Moulton & Jeffrey* and *H. B. Noland,* for respondents.

HOLCOMB, J.—Appellant's action is upon a promissory note executed by respondents for the sum of $175 and interest and $50 attorney's fees.

Respondents filed a counterclaim for $300, alleged as due Mrs. Eagon on a sale of seventeen head of cattle sold by the bank for her for $2,250, whereas the bank was not authorized by her oral contract with its agent

[1]Reported in 211 Pac. 278.

to sell for less than $150 a head, or $2,550 in all. It was also alleged that $2,550 was the only amount the respondents had agreed to accept and the only amount the bank was authorized to receive. Appellant replied, denying any liability on the counterclaim.

Respondents assumed the burden of proof and, over objection of appellant, were allowed to prove the oral agreement between respondents and the agents of appellant, and that only $2,250 was accounted for to them. In fact, the bank sold the cattle for $2,250 and never received any more.

At the conclusion of the case for respondents, appellant moved for a nonsuit, which was denied, and after all the testimony was in, requested the court to instruct the jury to disregard the counterclaim, which was also denied. At the trial respondents admitted that $50 was a reasonable attorney's fee. The court therefore instructed the jury that they should find for the plaintiff in the sum of $259.19, or that they should find for the respondents in the sum of $74.56. The jury found for respondents in the sum of $74.56.

Respondents moved for a judgment n. o. v. for $124.56 instead of $74.56, claiming that, since appellant recovered no judgment against them, they were not entitled to any attorney's fees, and have based error and cross-appealed upon that point. Appellant moved for judgment n. o. v. in its favor for the sum of $259.19, which was denied.

Appellant bases its errors on the adverse rulings of the court above mentioned, the principal contention being that the counterclaim pleaded by respondents was not a valid counterclaim under our statute, Rem. Comp. Stat., § 265, subd. 2.

It is contended that the counterclaim pleaded does not show a cause of action existing at the commencement of the action. The action was commenced by

service of summons June 27, 1921. The counterclaim was verified and served on September 16, 1921. It alleged that ''in the month of April, 1920'' (more than a year before the action was begun), ''Mrs. Eagon was the owner of the seventeen head of cattle, which she then desired to dispose of;'' and that the agents of the bank approached her urging her, for reasons sufficient to the bank, not to sell her cattle, or in any event to permit them, the bank's agents, to find the purchaser, who would be acceptable to the bank for its purposes; and that she gave them her price; ''that shortly thereafter, Jamieson (the bank's agent) negotiated a sale;'' that thereafter Jamieson called upon her to load and ship the cattle, which was done.

The answer was not demurred to, nor was it moved against to make more definite and specific. In the absence of such motion, the allegations were sufficient. Furthermore, the pleading was aided by proof that the transaction of sale occurred prior to May 3, 1920, on which date respondent Mrs. Eagon wrote to the bank acknowledging deposit to her credit of $2,250 for the sale, and advising it of expecting payment of the balance of $300 at an early date. The cause of the counterclaim, therefore, existed at the commencement of the action.

It is next claimed that the counterclaim is not based on a cause of action arising out of contract. It is plainly one arising *ex contractu,* and not *ex delicto. Russell v. Union Machinery & Supply Co.,* 88 Wash. 532, 153 Pac. 341; *Buerkli v. Carstens Packing Co., ante,* p. 458, 210 Pac. 798. The counterclaim was valid.

As to respondents' cross-appeal, little need be said. The amount of the note, principal and interest was conceded. The reasonableness of the attorney's fee of $50 was admitted. The note provided for a reasonable

attorney's fee in case of suit. There was a suit. The reasonable attorney's fee was just as much a part of appellant's recovery as the interest on the principal.

The judgment will not be disturbed, but is, in all things, affirmed.

PARKER, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.