MRS. A. O. LINDSTROM, Appellant, v. A. S. SPICHER, as Sheriff of Ward County, North Dakota, and Ward County, North Dakota, a Public Corporation, Respondents.

(41 A.L.R. 968, 205 N. W. 231.)

**Fraudulent conveyances — county to which taxes on stock of merchandise are due held entitled in protection of Bulk Sales Act on sale of stock of merchandise.**

Where taxes assessed against a stock of merchandise are past due and unpaid, on a sale in bulk of such merchandise the county to which such taxes are payable is a creditor within the meaning of that term as used in the

Note.—For claim of public for taxes as within protection of Bulk Sales Law, see annotation in 41 A.L.R. 973.

Bulk Sales Act (§§ 7224–7227 inclusive, Comp. Laws, 1913) and entitled to the protection and benefits afforded by the act.

Opinion filed August 4, 1925. Rehearing denied October 8, 1925.

Fraudulent Conveyances, 27 C. J. § 882, p. 874 n. 23; § 888, p. 879 n. 88, **91.**

Appeal from the District Court of Ward County, *Lowe,* J.
Affirmed.

*H. E. Mielke, L. J. Palda, C. D. Aaker,* and *C. E. Brace,* for appellant.

The general rule is that taxes are not a lien unless expressly made so, and when liens are expressly created they are not to be enlarged by construction. Cooley, Tax. 3rd ed. p. 865; New Eng. L. & T. Co. v. Young, 81 Iowa, 732, 10 L.R.A. 478, 39 N. W. 116, 46 N. W. 1103; Miller v. Anderson, 1 S. D. 539, 11 L.R.A. 317, 47 N. W. 957; Bibbins v. Clark, 90 Iowa, 230, 29 L.R.A. 278, 57 N. W. 884, 59 N. W. 290.

A personal property tax is not a lien upon real property unless expressly made so by statute. And when so created it will not be enlarged by construction. 2 Cooley, Tax. 3d ed. p. 866; First Nat. Bank v. Kelley, 36 N. D. 546, 162 N. W. 901.

Where a statute makes a tax on personal property a lien thereon, a purchaser of such property takes the same free from any lien for taxes if the title passes before such a lien attaches by levy, distraint or otherwise. 37 Cyc. 1146.

It is a general rule that the property of one person cannot be seized and sold for taxes due from another person. 37 Cyc. 1230.

Primarily, no property can be taken but such as belongs to the tax debtor, and which is in his possession at the time. 37 Cyc. 1237.

The bulk sales law, a law generally adopted by the statutes, is a law in derogation of the common law and must be strictly construed. Swift & Co. v. Templeton, 7 A.L.R. 1581, 101 S. E. 8; 12 R. C. L. 525; Johnson v. Kelly, 32 N. D. 117, 155 N. W. 683.

Every statute must be construed with reference to the object intended to be accomplished by it. 36 Cyc. 1110.

The ordinary and almost universal definition of the word "creditor"

is a person to whom a debt is owing by another person. Nicolin v. Weiland, 55 Minn. 130, 56 N. W. 587; Wolverton v. Taylor, 43 Ill. App. 424.

A creditor is one who has a demand against another on contract express or implied for the payment of money. Atwater v. Manchester Sav. Bank, 48 Minn. 341, 12 L.R.A. 741.

*Geo. F. Shafer,* Attorney General, *Geo. I. Reimestad,* Assistant Attorney General, *R. H. Bosard* and *Dickinson & Johnson,* for respondents.

A tax is sometimes held to be a "debt." Mayor v. McKee, 2 Yerg. 167; San Francisco Gas Co. v. Brickwedel, 62 Cal. 641.

The imposing of a tax imposes a duty upon the taxpayer and it is wholly immaterial to consider whether the tax is a debt in the sense of a money obligation existing by contract. The government has the same right to enforce a duty as a debt, and may enforce it in the same way. In support of these statements see: People v. Seymour, 16 Cal. 332, 76 Am. Dec. 521; Perry v. Washburn, 20 Cal. 318; Oakland v. Whipple, 39 Cal. 112; San Francisco v. Phelan, 61 Cal. 617.

Taxes due the United States may be sued for and recovered in the name of the United States in any proper form of action. Dollar Sav. Bank v. United States, 19 Wall. 227; Post v. Taylor County, 2 Flip. 518; United States v. Pacific R. Co. 4 Dill. 66.

NUESSLE, J. This appeal is from a judgment of the district court of Ward county, denying injunctive relief.

One Couch, in 1924, was the owner and in possession, of a stock of merchandise,—drugs and druggists' sundries, and fixtures in Ward county. He had conducted this business there for several years. He was financially involved and negotiated a sale of the merchandise and fixtures to the plaintiff, Mrs. A. O. Lindstrom, who took possession thereof. At the time of the sale, Couch owed personal property taxes assessed against the property sold, for the years 1921, 1922 and 1923, aggregating several hundred dollars, all past due. Prior to the sale, Couch prepared a list of his creditors which he furnished to the plaintiff under the provisions of the bulk sales act, §§ 7224–7227 inclusive, Comp. Laws, 1913. This list, however, did not include the personal property taxes above mentioned. The plaintiff complied with the

statute in so far as the creditors, whose names were furnished by Couch, were concerned, but sent no notice of the proposed sale and purchase to Ward county, or any of the officers thereof. The sale was consummated sometime between May 28th and June 10th, and plaintiff entered into possession. The defendant Spicher is the sheriff of Ward county. Sometime after the sale was consummated, the taxes not being paid, the sheriff took steps to distrain the property so sold to enforce payment thereof. The plaintiff thereupon began the instant case to restrain such proposed action.

The facts as above stated are practically undisputed. The only dispute between the parties was as to the matter of notice. Plaintiff denied knowledge of the unpaid taxes and claimed that the sheriff had notice of the proposed sale, and the defendants denied such notice and claimed the plaintiff knew of the taxes. The trial court made findings of fact sustaining the defendants' contentions, and held as conclusions of law; that the county had a valid and subsisting lien against the property in question under the provisions of § 2166, Comp. Laws, 1913; that the county was a creditor within the meaning of that term as used in the bulk sales act and that the provisions of the act had not been complied with; that as to the county, the sale was void and the plaintiff held the property as a receiver, and ordered judgment for the defendant. Judgment was accordingly entered. Plaintiff now appeals therefrom to this court.

Plaintiff challenges the findings of fact as made by the court and assigns as the principal errors upon which she relies, the incorrectness of the court's conclusions, that the county had a tax lien by virtue of the provisions of § 2166, Comp. Laws, 1913, and that the county was a creditor within the meaning of that term as used in the bulk sales act.

The record on which the court's findings are based is very short. We have examined the same. We are of the opinion that the findings as made by the trial court are sustained by this record. We deem further comment unnecessary.

The defendants contend that the county had a lien on the property sold as against the plaintiff with notice of the taxes such as the plaintiff had, though no distraint had been made by the sheriff prior to the sale. On the other hand, the plaintiff contends that under the provisions of the statute, §§ 2166 et seq., the county had no lien since the

property against which the tax was levied, and on which the lien was claimed, had not been distrained prior to the sale and change of possession. However, it is not necessary to determine the question thus raised as to whether a lien on personal property for taxes is fixed prior to distraint. In view of the findings of fact of the court which are well sustained by the record, it is apparent that the case turns wholly upon the correctness of the trial court's conclusion, that the county was a creditor within the meaning of that term as used in the bulk sales act, § 7224, Comp. Laws, 1913, which reads as follows:

"The sale, transfer or assignment, in bulk, of any part or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the conducting of said business, otherwise than in the ordinary course of trade and in the regular prosecution of the business of the seller, transferrer or assignor, shall be void as against the creditor of the seller, transferrer or assignor, unless the seller, transferrer, assignor and purchaser, transferee and assignee, shall, at least five days before the sale, make a full detailed inventory, showing the quality and, so far as possible with exercise of reasonable diligence, the cost price to the seller, transferrer and assignor of each article to be included in the sale; and unless the purchaser, transferee and assignee demand and receive from the seller, transferrer and assignor a written list of names and addresses of the creditors of the seller, transferrer and assignor with the amount of indebtedness due or owing each, and certified by the seller, transferrer and assignor, under oath, to be a full, accurate and complete list of his creditors, and of his indebtedness; and unless the purchaser, transferee and assignee shall, at least five days before taking possession of such merchandise, or merchandise and fixtures, or paying therefor, notify personally or by registered mail every creditor whose name and address are stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof."

If the county was a creditor within the meaning of that term as used in the bulk sales act, it is conceded that the requirements of the act were not complied with in so far as the county was concerned. Such being the case, if the county was a creditor, then as to it, the sale was void, and such possession as the plaintiff has is as receiver, and she

is accountable to the county as a creditor for the property so held by her.

The plaintiff insists that a tax is not a debt. That therefore, Couch was not a debtor and the county not a creditor. Though it be conceded that a tax is not a debt within the generally accepted meaning of that word, it does not necessarily follow that the county was not such a creditor as the bulk sales act contemplates. Our statute, §§ 7216 and 7285, Comp. Laws, 1913, defines the term "creditor." Section 7216 reads as follows:

"A creditor within the meaning of this chapter (chapter 111, Civil Code) is one in whose favor an obligation exists by reason of which he is or may become entitled to the payment of money."

And § 7285: "Except as defined and used in chapter 111 of this code every one who owes to another the performance of an obligation is called a debtor and the one to whom he owes it is called a creditor."

There is no question but that Couch owed the taxes as claimed. They were obligations arising by operation of law. See Comp. Laws, 1913, §§ 5763 & 5764. Since they were obligations, Couch was a debtor and the county a creditor within the plain purport of §§ 7216 and 7285 above quoted. As this court said in Sonnesyn v. Akin, 12 N. D. 227, 97 N. W. 557:

"It will be conceded that the common and ordinary meaning of the term "debt," in legal acceptation of the term, is an obligation resting upon contract, either express or implied. So, too, it may be said that a debtor is one who owes a debt; and creditor, one to whom a debt is due. The legislature has seen fit to call all persons debtors who owe obligations, instead of all persons who owe debts, and to call all persons to whom obligations are due creditors, instead of all persons to whom debts are due. These statutory definitions, however, do not touch the meaning of the word "debt." They merely enlarge the class of persons who shall be "called" debtors and creditors. They neither enlarge nor restrict the meaning of the word "debt." Aside from the statute, a debtor would be one who would owe a debt. Under the statutory definitions, one would be classified as a debtor if he owed an obligation, whether the obligation be one resting upon contract, and therefore a debt proper, or whether it be one merely imposed by law. In either event he would be a debtor. Under the statutory definitions

of a debtor, it is not necessary to owe a debt. It is sufficient if one owes an obligation imposed by law. Every debt, however, is an obligation, but every obligation is not a debt. "Obligation" is the broader term; "debt" the narrower. The term "obligation" includes all debts. The term "debt" does not include all obligations, but only that particular kind of obligations known as "debts." The statement, therefore, that the legislature has specifically defined the term "debt," and that the term "debt" is synonymous with the word "obligations" is not sustained by the statute."

The term "creditor" includes artificial persons, such as bodies politic or corporate, as much as natural persons. State v. Crutcher, 2 Swan, 504. We can conceive of no reason why the legislature in enacting the bulk sales act should have intended to restrict its benefits to natural persons, or that the payment of taxes should not be assured thereby as well as the payment of other obligations. Certainly, such a legislative intent is not expressed in the act. The primary purpose behind the act may, as plaintiff contends, have been to protect mercantile creditors, but the legislature did not, in enacting it, see fit to distinguish between creditors. On the contrary, it is plain that the act was intended to apply to all creditors alike. The first section of the act, § 7224, quoted supra, provides that a sale in bulk shall be void against creditors unless the provisions of the act are complied with. The third section, § 7226, Comp. Laws, 1913, provides that any purchaser who shall not comply with the provisions of the act, shall, on application of *any* of the creditors of the seller become a receiver and shall be held accountable to such creditors. The fourth section, § 7227, Comp. Laws, 1913, exempts any purchaser who conforms to the provisions of the act from accountability to *any* creditor of the seller. See Minneapolis Drug Co. v. Keairnes, 39 N. D. 318, 167 N. W. 326; Fitz Henry v. Munter, 33 Wash. 629, 74 Pac. 1003; People's Sav. Bank v. Van Allsburg, 165 Mich. 524, 131 N. W. 101; Hartwig v. Rushing, 93 Or. 6, 182 Pac. 177; 27 C. J. 879, and authorities cited. Indeed, it has been held that a bulk sales act which does not apply to all creditors alike is unconstitutional as contravening the 14th Amendment to the Constitution of the United States. See McKinster v. Sager, 163 Ind. 671, 68 L.R.A. 278, 106 Am. St. Rep. 268, 72 N. E. 854. We hold that Ward county was a creditor within the meaning

of that term as used in the act. Since the requirements of the act were not complied with, it follows that the sale in so far as Ward county was concerned, was void, and the plaintiff holds the property thus purchased by her as a receiver and is accountable to the county to the extent of the obligation in the form of taxes due the county from Couch at the time of the sale.

The conclusion of the trial court was correct. The judgment appealed from was right and must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.

### On Petition for Rehearing.

NUESSLE, J.    Plaintiff urges in her petition for rehearing that the question as to whether a lien on personal property for taxes is fixed prior to distraint, raised on the record and vital to the appeal, was not passed upon in the opinion heretofore handed down. We then thought and after further consideration are still of the opinion that this question was wholly immaterial to the issues as made. The plaintiff who had purchased certain personal property, sought to enjoin the defendant, Spicher, Sheriff of Ward county, from distraining personal property for taxes levied and assessed against the same while owned by and in the possession of her vendor. She conceded a lien for taxes prior to distraint but insisted that such lien was "inchoate" only, and not "fixed" until distraint. Her claim was that she bought the property prior to distraint and therefore the claim for taxes was inferior to her rights therein. However, as held in the opinion, when the transaction of purchase and sale was consummated the Bulk Sales Law was not complied with as respects Ward county. Therefore, in so far as the county was concerned, the sale was void and plaintiff held the property as a receiver. The sale being void, the county was in exactly the same position as though none had been attempted and whether the lien was inchoate or fixed the property was subject to distraint to enforce collection. A rehearing is denied.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.