[No. 23212. Department Two. December 11, 1931.]

MATTIE E. GILMORE, *Appellant*, v. HUGH A. GILMORE *et al.*, *Respondents*.[1]

*Joseph H. Smith* and *Clarence J. Coleman,* for appellant.

*Thos. A. Stiger,* for respondents.

MILLARD, J.—Plaintiff, as payee, brought this action against her son and the latter's wife to establish, and to recover thereon, two lost promissory notes executed

[1] Reported in 6 P. (2d) 69.

by the defendants. It is alleged that one note, in the amount of fifteen hundred dollars, was made May 12, 1925, and was payable May 12, 1927; that the other note, executed January 15, 1925, was for fifty-five hundred dollars, and was due January 15, 1930; and that each note provided for payment of a reasonable attorney's fee in the event of suit thereon. Denying the execution of the notes, the defendants by cross-complaint sought to recover for expenditures made by them since July, 1920, for the support of the plaintiff and in caring for her property.

The cause was tried to the court, and quite properly treated as an action for an accounting. The court found that the fifty-five-hundred-dollar note was made as by the plaintiff alleged; that the defendants' expenditures, made subsequent to the execution of that note, for and in behalf of the plaintiff should be credited against the note, and that plaintiff was entitled to recover against the defendants $1,898.65. Judgment was entered accordingly. Plaintiff has appealed.

Appellant contends that she was entitled to recover a greater sum than that awarded to her; and that, as the notes provided for a reasonable attorney's fee in the event of an action, the court erred in refusing to make such an allowance.

By our examination of the record we are convinced, as was the trial court, that the appellant sustained the burden of proving the loan of fifty-five hundred dollars and the making by the respondents of the note therefor; but failed to sustain the burden of proving the execution by the respondents of a note for fifteen hundred dollars.

The findings, summarized as follows, are amply supported by the evidence:

Respondent son and his widowed mother lived together until 1917. Thereafter, the mother, the son and the son's wife resided together until September, 1925. Until 1919, the mother handled the joint account of her earnings and the earnings of her son, who was engaged in the tug boat business. After the year 1919, because of the mother's sickness and crippled condition, the son transacted his mother's and his own business, and from time to time invested their joint funds.

On January 15, 1925, an accounting was had between the mother and the son, at which time the respondents borrowed fifty-five hundred dollars from the appellant to go into an enterprise which never materialized. That transaction constituted a settlement between the parties up to that time. The promissory note in the amount of fifty-five hundred dollars then given by the respondents to the appellant was payable January 15, 1930, with interest at ten per cent per annum, payable semi-annually. The note provided for payment of a reasonable attorney's fee in the event action was instituted to recover on the note.

The respondents were entitled, as a credit against their indebtedness to the appellant, to expenditures made by them subsequent to January 15, 1925, for the support of the appellant, and in caring for the appellant's property.

The finding that the appellant is entitled to judgment for $1,898.65 reads as follows:

"That since on or about January 15, 1925, the son has advanced certain sums to care for the plaintiff and also paying certain doctor bills for the benefit of plaintiff and in the caring of her home, and the items are set forth in the defendant's bill of particulars filed herein, and that said items should be credited upon plaintiff's note. That in September, 1925, the plaintiff, desiring a home in which she may live by herself, caused certain property located near the home of de-

fendants to be purchased, and that the purchase price of said home was $2,500, and that the purchase price paid down was $1,000 and the balance to be paid at the rate of $25 per month, which included the interest. That there is due plaintiff on July 10, 1930, the sum of $5,500 on the note, and the sum of $390 realized from King county property, plus interest on the $390 at 6% from September 27, 1929, to July 10, 1930, in the sum of $20.47, making a total amount due the plaintiff on the 10th day of July, 1930, the sum of $5,910.47. That the payments and accrued interest made by the defendants for the benefit of plaintiff from January, 1925, to July 10, 1930, amounted to $2,329.76, and installments advanced on the contract of purchase by defendants was the sum of $1,425 and accrued interest at 6% on the installments advanced is the sum of $204.07, or a total advancement on July 10, 1930, of $3,958.83, leaving a balance due plaintiff from the defendants of the sum of $1,951.64, as of July 10, 1930; that there is due and owing plaintiff from defendants on said balance at 10% from July 10, 1930, to December 1, 1930, the sum of $75.89, or a total amount of $2,027.53 on December 1, 1930. The defendants are entitled to a further offset for payments made since July 10, 1930, the sum of $125 and accrued interest in the sum of $3.88, or a total sum of $128.88, leaving the amount due and owing plaintiff from defendants December 1, 1930, the sum of $1,898.65.''

On January 15, 1925, the parties had a final settlement. On that date, a new account was opened between the parties. The respondents borrowed fifty-five hundred dollars from the appellant and gave their note therefor, as above recited. As against that indebtedness, the respondents were entitled to credits for all expenditures made, subsequent to January 15, 1925, by them for and in behalf of the appellant.

Crediting against the indebtedness of fifty-five hundred dollars at the close of each interest-bearing period (but not allowing interest on such payments) the total of the prior six months' expenditures made

by the respondents for and in behalf of the appellant (including semi-annual installments of two hundred and seventy-five dollars interest on the note); and crediting the appellant with interest at the end of each semi-annual period on the balance due on the note, we find that the judgment for $1,898.65 in favor of the appellant is approximately three hundred and fifty dollars in excess of the balance due the appellant. Failure of the respondents to cross-appeal precludes reduction of the judgment.

The court erred in not allowing an attorney's fee. The note provided for payment of a reasonable attorney's fee in case of suit. Action was instituted by the appellant to recover on the note. Under the contract, the respondents were obligated to pay an attorney's fee the same as they were bound by their agreement to pay the interest on the note.

"The reasonable attorney's fee was just as much a part of appellant's recovery as the interest on the principal." *Farmers & Merchant's Bank v. Eagon,* 122 Wash. 586, 211 Pac. 278.

By the terms of the contract, the appellant is entitled to a reasonable attorney's fee. It is our view that a reasonable fee for the services required to enforce collection under that contract is two hundred and fifty dollars.

The judgment is reversed and the cause remanded, with direction to the superior court to enter judgment in favor of the appellant in accordance with the views herein expressed.

Tolman, C. J., Main, Holcomb, and Beals, JJ., concur.