[No. 28097. Department One. January 29, 1941.]

THE COMMERCIAL STATE BANK, *Appellant,* v. S. A. CURTIS *et al., Defendants,* BOYD-CONLEE COMPANY, *Respondent.*[1]

[1]Reported in 109 P. (2d) 558.

*John E. Blair* and *Robert E. Blair,* for appellant.

*Hamblen, Gilbert & Brooke,* for respondent.

MAIN, J.—This action was brought to recover the balance due upon a promissory note. After the action was instituted, the plaintiff caused a writ of garnishment to issue, which was served upon Boyd-Conlee Company, a corporation. This writ was not answered within the time required by law, or at all. Sometime later, a judgment was taken against the garnishee defendant by default. When that defendant learned of the judgment, it moved to quash the writ and vacate the judgment because the amount of the bond was not in the amount required by law in such cases. A hearing was had, and the court quashed the writ and vacated the judgment, from which order the plaintiff appealed.

 Speaking generally, the controlling question here is whether the bond given was in a sufficient amount.

Rem. Rev. Stat., § 681 [P. C. § 8000], provides that the bond in a proceeding of this kind shall be "double the amount of the debt claimed." The note provided for a reasonable sum as attorney's fees, if the note was placed in the hands of an attorney for collection or a suit or action was commenced thereon. The complaint alleged that one hundred dollars was a reasonable attorney's fee. The bond given was more than the amount claimed, exclusive of the attorney's fee,

but was less than double the amount if the attorney's fee was included.

Inquiry must, then, be directed as to what the nature of the obligation is which is created by a provision in a note or mortgage for a reasonable attorney's fee; and this would depend upon whether such a fee was a part of the debt claimed. In ordinary understanding, the term "debt" is an obligation resting upon contract, either express or implied. *Lindstrom v. Spicher*, 53 N. D. 195, 205 N. W. 231, 41 A. L. R. 968; *McCrea v. First Nat. Bank of Austin*, 162 Minn. 455, 203 N. W. 220.

In 11 C. J. S. 266, § 726, it is said that a provision in a note for attorney's fees "is as much an obligation of the contract as any part of it, . . ." This court has definitely held that, where the instrument provides for a reasonable attorney's fee, it is as much a part of the sum which the plaintiff is entitled to recover as the interest on the principal. *Farmers & Merchants Bank v. Eagon*, 122 Wash. 586, 211 Pac. 278; *Gilmore v. Gilmore*, 165 Wash. 492, 6 P. (2d) 69.

In 7 C. J. S. 331, § 149, it is said:

"Where attorney's fees are included in the amount claimed, and are recoverable, they cannot be omitted in determining the amount of the bond, where the amount of the bond is fixed, under the statute, with reference to the amount claimed."

If the attorney's fee provided for in the note was as much a part of the recovery as the interest on the principal, it necessarily follows that, in fixing the amount of the bond, the attorney's fee claimed should be taken into consideration. The statute, as above pointed out, provides that the bond shall be double the amount of the "debt claimed." It would hardly be contended that the interest provided for in the note was not a part of such debt.

The appellant cites a number of cases from this

court in which it is said that an attorney's fee, such as here involved, is intended to cover the expenses of the suit, and is to be taxed as costs. In none of those cases, however, is the question as to the nature of the obligation either discussed or decided. For the most part, those statements were made when the court was considering other questions, and were merely incidental. Such expressions should not be given the effect of settin $^r$ aside a positive rule of law.

So $^r$ we are informed, there is no statute which p$^r$ the attorney's fee shall be considered as cos .. Rev. Stat., § 474 [P. C. § 7456], provides that measure and mode of compensation of attorneys shall be left to agreement, express or implied, of the parties,

" . . . but there shall be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action, which allowances are termed costs."

It will be observed that, in this statute, it does not say that the compensation of attorneys agreed upon shall be termed costs, but that term only applies to the costs fixed by statute. That section was enacted in 1854, and remained the law until § 475 [P. C. § 192] was enacted some considerable time later. In this latter section, it provided that, in all cases of foreclosure of mortgage and in all cases in which attorney's fees are allowed, the amount thereof

" . . . shall be fixed by the court at such sum as the court shall deem reasonable, any stipulations in the note, mortgage or other instrument to the contrary notwithstanding."

Cases, such as *Fidelity & Deposit Co. v. Faben,* 51 Wash. 308, 98 Pac. 764, and *Loveland v. Riley,* 142 Wash. 44, 252 Pac. 154, are not here in point, because those cases were dealing with § 4, Art. IV, of the con-

stitution of this state, which provides that the jurisdiction of this court shall not extend to civil actions at law for the recovery of money or personal property when the "original" amount in controversy or value of the property does not exceed the sum of two hundred dollars, unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute. The cases construing the constitution point out that the use of the word "original" indicates that the amount to be taken into consideration in determining the jurisdiction of this court "must be that which was in actual dispute from the beginning before the action was brought," and that it did not include claims for attorney's fees. The statute, above cited, which fixes the amount of the bond in double the amount of the debt claimed, does not use the word "original." Our conclusion is that the bond in this case does not meet the requirements of the statute.

In the briefs, another question is somewhat extensively discussed, but, in view of the fact that we are of the opinion that the bond was not sufficient, that question is now immaterial.

The order appealed from will be affirmed.

ROBINSON, C. J., BLAKE, STEINERT, and DRIVER, JJ., concur.