IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| VILLA MARINA ASSOCIATION OF APARTMENT OWNERS, a Washington Non-Profit Corporation, | No. 85724-0-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JOHN E. COLLINS, JR. a/k/a JAKE E. COLLINS, JR., an individual and JANE or JOHN DOE COLLINS, an individual, and the marital or quasi-marital community comprised thereof, | |
| Appellants. | |

COBURN, J. — John Collins appeals the trial court's decisions granting summary judgment and awarding attorney fees to Villa Marina Association of Apartment Owners. Finding no error, we affirm.

FACTS

This is Collins's second appeal from the underlying lawsuit. The facts are drawn in part from our opinion in Collins's first appeal. See Villa Marina Ass'n of Apt. Owners v. Collins (Collins I), No. 81865-1-I (Wash. Ct. App. Oct. 4, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/818651.pdf.[1]

---

[1] We cite to this unpublished opinion under GR 14.1(c) as necessary for a reasoned decision.

In December 2016, the Association sued Collins, who owned unit 173 of the Villa Marina Condominium, for delinquent assessments. Collins I, slip op. at 2. Collins made a $12,006.86 payment to the Association to settle that lawsuit (Settlement Payment), and on March 2, 2017, the trial court entered the parties' stipulation to dismiss the 2016 lawsuit with prejudice. Collins I, slip op. at 2.

In December 2019, the Association filed the instant lawsuit against Collins, alleging that he was again delinquent on assessments. Collins I, slip op. at 2. In July 2020, the trial court granted summary judgment to the Association and entered judgment for $44,092.27, the amount—including attorney fees—the Association requested at summary judgment. Collins I, slip op. at 7. The court later entered a supplemental judgment for another $11,415.35 in attorney fees and costs. Collins I, slip op. at 7.

Collins paid these judgments in September 2020. He also appealed, and this court held that the Association failed to meet its initial burden to show the absence of a genuine issue of material fact as to the amount of Collins's alleged delinquency. Collins I, slip op. at 9. In particular, we observed that the Association "based its entitlement to judgment as a matter of law entirely on the premise that the…Settlement Payment 'zeroed out' the balance on Collins' account as of March 1, 2017," but the Association "point[ed] to no admissible evidence in the record establishing that the balance…was at least $12,006.86 before [Collins] made the Settlement Payment." Collins I, slip op. at 9. Accordingly, we reversed the trial court's order granting summary judgment,

vacated the trial court's fee award, and remanded for further proceedings.[2] Collins I, slip op. at 15.

On remand, the Association renewed its motion for summary judgment. In support, it provided a declaration from Paul Heneghan, a certified public accountant it had retained to "perform a detailed review of…Collins' assessment account and to determine the outstanding balance due as of March 1, 2017 and the present time." Meanwhile, Collins sold his condominium unit, and in April 2021, proceeds from the sale were applied toward the outstanding balance on Collins's assessment account. According to Heneghan, after those proceeds were applied, Collins's account had a credit balance of $351.80. Also, according to Heneghan, since Collins sold his unit, the Association's attorney fees and costs continued to accrue. And after the Association applied the $351.80 credit balance, his account had an outstanding balance of $25,224.46 as of November 6, 2022. Heneghan provided detailed ledgers to support his declaration. He also attested that he "determined the amount due and owing in accordance with generally accepted accounting principles" and that "[w]hen there was a discrepancy between the Association and Mr. Collins as to when a payment was received, [he] applied the payment on the earlier date, which was more favorable to Mr. Collins," and he "removed late fees and adjusted interest to reflect receipt of payment on the more favorable date."

Collins did not timely respond to the Association's motion, but he filed an untimely response on July 27, 2023, the day before the Association's motion was

---

[2] We also affirmed a trial court order appointing a receiver over Collins's unit. Collins I, slip op. at 15.

set for hearing. Collins also moved to continue the hearing. He represented that his attorney had withdrawn and he needed time to find new counsel, he also claimed that the discovery provided by the Association was "insufficient for [him] to respond to their…summary judgment motion."

The Association moved to strike Collins's late-filed response. It also opposed a continuance, pointing out that the matter had been pending since 2019 and this would be Collins's sixth change in counsel. The Association presented evidence that it had produced discovery, including its expert reports, relevant to its motion for summary judgment. It asserted that it would be substantially prejudiced by a further delay because "witnesses are being lost where members of the Board of Directors, and persons who made critical decisions during the period in question, have rotated off the Board," "[s]ome witnesses have sold their units and are no longer available to the [Association]," and "[a]nother witness that worked for [the Association] cannot recall events, at this point in time, specifically citing the passage of time."

The trial court denied Collins's continuance request, and on July 28, 2023, it held a hearing on the Association's motion for summary judgment and its motion to strike. At the outset, the court inquired why litigation had continued after Collins sold his unit, asking, "[W]asn't it mooted by the fact that he paid by the time of closing?" The Association's counsel explained that the Association was "defending the ledger balance still" because Collins was "still asserting that it's not correct and that he's owed money from the association." The trial court then asked Collins whether he was seeking a judgment or a court order telling

4

the Association to pay him back, and Collins responded, "Yes. Yes, …I am seeking a return of those mandated funds based on the fact that I never owed them money from day one," and he insisted that he "never owed anything from day one."

The trial court then asked the Association why it did not simply dismiss the lawsuit after the first appeal was resolved given that "at that point, …the association got everything that it would have gotten through a motion for summary judgment." The Association's counsel responded that because Collins had paid the earlier judgments and this court vacated those judgments on appeal, the Association was confirming the "righteousness" of the judgments because it did not want to return Collins's payments.

The trial court then asked Collins to confirm, again, that he "dispute[d] those payments, and…believe[d] that [he] should get them back," and Collins confirmed that his goal was "to get the lawsuit dismissed with prejudice and show that the money was never owed." The trial court responded, "Understood. So that, in my mind puts to rest that question." The court then heard argument from the parties, granted the Association's motion to strike Collins's response, and granted the Association's motion for summary judgment, determining there was "no material issue of fact as to [Collins's] assessment ledger balance as reconstructed by…Heneghan." The trial court also granted the Association's request for an award of attorney fees, and on September 15, 2023, it entered judgment in the Association's favor in the amount of $156,182.13, consisting solely of fees and costs. Collins appeals.

5

DISCUSSION

Denial of Continuance

Collins assigns error to the trial court's denial of his request to continue the hearing on the Association's motion for summary judgment. As Collins acknowledges, "we review rulings on requests for continuance for abuse of discretion." Pastor v. 713 SW 353rd Pl., 21 Wn. App. 2d 415, 429 n.4, 506 P.3d 658 (2022). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

Collins points out that he requested a continuance so that he could retain new counsel, and he accuses the trial court of "refus[ing] to delay the proceedings." But he does not argue, much less show with citations to relevant authority or meaningful analysis, that the trial court's decision lacked a tenable basis. Accordingly, he fails to demonstrate that the trial court erred by denying his continuance request. Cf. Cook v. Brateng, 158 Wn. App. 777, 794, 262 P.3d 1228 (2010) ("Appellate courts need not consider arguments that are unsupported by pertinent authority, references to the record, or meaningful analysis.").

Summary Judgment

Collins next argues that the trial court erred by granting summary judgment. We disagree.

We review summary judgments de novo, construing all facts and inferences in favor of the nonmoving party. Strauss v. Premera Blue Cross, 194

Wn.2d 296, 300, 449 P.3d 640 (2019). However, we "will consider only evidence and issues called to the attention of the trial court." RAP 9.12.

Summary judgment is appropriate when "'there is no genuine issue as to any material fact and…the moving party is entitled to a judgment as a matter of law.'" Strauss, 194 Wn.2d at 300 (alteration in original) (internal quotation marks omitted) (quoting Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008)); CR 56(c). "'After the moving party submits adequate affidavits, the nonmoving party must set forth specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue as to a material fact.'" Michael v. Mosquera-Lacy, 165 Wn.2d 595, 601, 200 P.3d 695 (2009) (quoting Meyer v. Univ. of Wash., 105 Wn.2d 847, 852, 719 P.2d 98 (1986)).

Here, the Association presented adequate affidavits, including Heneghan's expert declaration, establishing the amount of Collins's delinquency. Collins, whose untimely response was stricken and not considered by the trial court,[3] did not present any competent evidence to establish a genuine issue of material fact in this regard. Thus, the trial court did not err by granting summary judgment in the Association's favor.

Collins disagrees and argues that the trial court violated the law of the case doctrine and this court's mandate in Collins I by entertaining the Association's renewed summary judgment motion rather than proceeding to trial. Collins is incorrect. Although we held in Collins I that summary judgment was

---

[3] Collins does not argue much less establish that the trial court erred by striking his response.

improper based on the evidence presented at the time, nothing in our opinion precluded the Association from renewing its motion with additional evidence.

Collins also contends that because he sold his unit and satisfied all assessments and liens, it was improper for the Association to continue litigating and accruing attorney fees.[4] He points out that the Association's lawsuit sought the remedy of foreclosure, and he claims that the laws governing foreclosures "do not support the imposition of attorney fees in a foreclosure case, which continue and accrue for years after the subject property has been disposed of." But Collins cites no authority to support this proposition. And as the trial court took pains to confirm, Collins insisted he never owed the Association anything and was entitled to a refund of what he had paid once this court vacated the earlier summary judgment order. Accordingly, there remained a live dispute about the amount of Collins's delinquency. Indeed, Collins *continues to assert* in his briefs before this court that a trial is necessary. He fails to show that, under these circumstances, it was improper for the Association to continue litigating or for the trial court to rule on the Association's renewed motion for summary judgment.

## Fees on Appeal

As a final matter, the Association requests an award of fees on appeal. "A party is entitled to attorney fees on appeal if a contract, statute, or recognized ground of equity permits recovery of attorney fees…and the party is the substantially prevailing party." Hwang v. McMahill, 103 Wn. App. 945, 954, 15

---

[4] Collins does not challenge the trial court's determination that the amount of fees incurred by the Association was reasonable.

P.3d 172 (2000). The Association is the substantially prevailing party on appeal. It contends that it is entitled to fees under RCW 64.34.364(14), which provides that "[t]he association shall be entitled to recover any costs and reasonable attorneys' fees incurred in connection with the collection of delinquent assessments," and "[i]n addition, the association shall be entitled to recover costs and reasonable attorneys' fees if it prevails on appeal and in the enforcement of a judgment." The Association also argues it is entitled to fees under its governing documents, which provides for an award of fees reasonably incurred in the Association's "preparation for or…prosecution of" any action "to foreclose a lien against any apartment for nonpayment of delinquent assessments." Collins does not argue otherwise in his reply. We grant the Association's request for an award of attorney fees on appeal, subject to its compliance with RAP 18.1.

We affirm.

Coburn, J.

WE CONCUR:

Birk, J.            Hazelrigg, A.C.J.

9