McELFRESH v. KIRKENDALL *et al.*

**Husband and wife: LIABILITY FOR WIFE'S TORTS.** The common-law rule, that the husband is liable for the torts of the wife, has not been changed by any provision of our statutes.

*Appeal from Van Buren District Court.*

THURSDAY, MARCH 20.

ACTION to recover damages for slanderous words spoken of plaintiff by the defendant, Mary Kirkend all, wife of the defendant, E. B. Kirkendall.

The defendant, E. B. Kirkendall, demurred to the petition on the ground that, at the time of the speaking of said words, he was not liable for slanderous words spoken by his wife. The court sustained the demurrer, and rendered judgment for costs in favor of said defendant. Plaintiff appeals.

*Trimble & Baldwin* and *J. C. Knapp* for the appellant.

*Mayne & Work* and *M. H. Jones* for the appellee.

McElfresh v. Kirkendall.

DAY, J.—It is admitted that, at common law, the husband is liable for slanderous words spoken by his wife. But it is claimed that the acts of the 13th General Assembly, chapter 126, and chapter 167, section 11, change this common-law rule, and exempt the husband from liability. We are clearly of opinion that a fair construction of these statutes does not allow to them any such radical effect.

In the construction of a remedial statute there are three points to be considered; the old law, the mischief, and the remedy. And it is the business of courts so to construe the act as to suppress the mischief and advance the remedy. 1 Blackstone's Com., page 87. At the common law the legal existence of the wife was merged in that of her husband, imposing upon her many disabilities, and of consequence exonerating her from many of the liabilities of a *feme sole.*

To modify this justly esteemed harsh rule of the common law, and to enlarge the rights of the wife, and to effect her emancipation from the disabilities of coverture, so .far .as consistent with the well-being of society, various statutes have been enacted, under which may be classed those above mentioned. Section 11 of chapter 167, 13th General Assembly, simply provides a rule of practice. It enacts that "A married woman may in all cases sue and be sued without joining her husband with her, except in cases where the cause of action exists in favor, or against both." It recognizes the fact that there is, or may be, a class of actions in which they must be joined, whether they sue, or are sued.

But chapter 126 of the 13th General Assembly is principally relied upon. It provides substitutes for sections 2505 and 2506 of the Revision, and is as follows: Section 2505. "Neither husband nor wife is liable for the debts or liabilities of the other incurred before marriage, and except as herein otherwise declared they are not liable for the separate debts of the other; nor are the wages, earnings or property of either, nor is the rent or income of such property liable for the separate debts of the other." Section 2506. "Contracts may be made by a wife, and liabilities incurred, and the same enforced

by or against her to the same extent, and in the same manner, as if she were unmarried." We are now called upon to consider the effect of this statute not upon the wife, but upon the husband. For, it must be conceded that an enlargement of the liabilities of the wife does not of necessity restrict those of the husband. The wife may be made liable for her torts, the same as though she were unmarried, and yet this fact alone does not exempt the husband from liability also for her torts. We are to look to this statute, therefore, and see whether, independently of a mere enlargement of the rights and liabilities of the wife, it contains any thing which in terms, or by necessary or reasonable implication, discharges the husband from liability for the claim here made.

A close analysis of the first section will discover that when reference is made to the responsibility of the husband for the legal obligations of the wife incurred before marriage, two words, *debts* and *liabilities* are used; but when like reference is made to her obligations generally, without reference to the time when they were incurred, the word *debt* alone is used. The husband is not liable for the *debts or liabilities* of the wife incurred before marriage, and except as otherwise declared he is not liable for the separate *debts* of the wife.

Now we are not to presume that this change of phraseology occurred through mere inadvertence and without design.

The words " debt " and " liability " are not synonymous, and they are not commonly so understood.

As applied to the pecuniary relations of parties, liability is a term of broader significance than debt.

The legal acceptation of debt is a sum of money due by certain and express agreement. Black. Com. Book 3, 154.

Liability is responsibility; the state of one who is bound in law and justice, to do something which may be enforced by action. This liability may arise from contracts either express or implied, or in consequence of torts committed. Bouvier's Law Dict.

If A owes B $1,000 he is indebted and liable to B for that sum. But if A has spoken slanderous words of

B, whereby a right of action has accrued, he has become liable, and it is only after judgment has been obtained that this liability assumes the character of a debt. The legislature recognized this distinction, or they were guilty of tautology in the first branch of this clause in using two words understood to be synonymous to express the same idea, and of inaccuracy in the second branch, in giving to the word "debt" a broader signification than properly belongs to it.

We ought not without necessity, or at least some good reason, to adopt a construction which involves an inaccurate use of language.

We conclude, therefore, that the words used were deliberately and purposely employed, and that we cannot fairly construe the statute without giving to them their full force and effect.

If the distinction between a debt and a liability is maintained, the construction becomes easy. The husband is discharged from liability for the *debts* or *liabilities* incurred by the wife before marriage. He is also, except under particular circumstances, not liable for the debts of the wife contracted after marriage.

But, as he was liable at common law for the *torts* of the wife committed after marriage, and the statute exempts him from liability for her *debts* only, it follows that his liability for such torts, continues as at common law. The remainder of section 2505 provides that the earnings or property of the husband shall not be liable for the separate debts of the wife. But where judgment is obtained against the husband for the wife's torts, the debt becomes his own, and as such may be satisfied from his property.

Section 2506 contains nothing exempting the husband from liability.

It provides that contracts may be made and liabilities incurred by the wife, and the same enforced by and against her as though she were unmarried. It extends the powers and responsibilities of the wife. But as we have before seen, the limiting of the liabilities of the husband is not a corollary of

the extending of those of the wife. This section makes no reference to the husband, and does not seem to have been intended to effect his status.

The construction which we have adopted is reasonable, and renders the law beneficial and just. The party who contracts with the wife does so voluntarily. If he is not willing to risk her responsibility, he may fully protect himself by refraining from making the contract. If he will make such contract and thereby the wife becomes indebted, it is but reasonable that the husband should not be responsible therefor. Indeed, this result seems to follow of necessity from the conferring upon the wife power to make separate contracts. But when the wife commits a tort a different principle is involved. The injured party is then without any volition. Usually the husband possesses and controls all the accumulations of their joint efforts. Her slander becomes hurtful in the proportion that his wealth and standing gives her social position. Unless the injured party can hold the husband responsible he is, ordinarily, without remedy. To exonerate him from responsibility under such circumstances, would be to permit almost one-half the adult members of society to slander the remainder with impunity.

The exemption of the husband from liability for the torts of the wife would be a startling innovation upon the common law. It would be a radical change; but whether it would not be a change without reform, may well be questioned.

Certainly the intention to effect such a change should be clearly and unambiguously expressed.

Without any hesitation, we conclude that the demurrer was improperly sustained.

Reversed.