[No. 32011. Department Two. June 19, 1952.]

ARTHUR F. ACHILLES, *Appellant,* v. ARTHUR E. HOOPES, *Respondents.*[1]

*Warner, Pierce & Peden,* for appellant.

*John W. Brisky,* for respondents.

OLSON, J.—The question presented by this case is whether the community or separate character of a promissory note, executed by the husband alone, is determined by the law of the place where it was made or by the law of the place where it was payable.

The defendants are husband and wife and have been such at all times material to this case. In 1948, their family home was in Seattle, Washington. During June of that year, defendant husband went to Coos Bay, Oregon, to work, and his wife remained in Seattle. October 5, 1948, while in Oregon, the husband made and delivered his promissory note to plaintiff. The maker's address was designated as

[1]Reported in 245 P. (2d) 1005.

Coos Bay on the face of the note, which was made payable to plaintiff or his order at his place of residence in St. Paul, Minnesota. The funds for which the note was given were used to pay the husband's subscription to the capital stock of a corporation formed by him and the plaintiff and one other to conduct the logging venture in Oregon in which they were engaged.

Both defendants were residents of the state of Washington when this action on the note was commenced against the husband and the marital community. After a trial to the court, and upon findings of the facts which we have related, judgment was entered against the husband individually, but was denied against the marital community. It is from this latter portion of the judgment that plaintiff has appealed.

■ He contends that the liability of the marital community is to be determined, not by the law of Oregon where the note was made, but by the law of Minnesota where it was payable. The pertinent law of Oregon was pleaded and proved in this case, but that of Minnesota was not. Plaintiff argues that, in the absence of proof, the law of Minnesota is presumed to be the same as the law of Washington, the forum, and that, by the law of the forum, he is entitled to judgment against the marital community.

Plaintiff correctly states the consequence of failure to plead and prove the law of another state. *Allen v. Saccomanno, ante* p. 283, 242 P. (2d) 747 (1952), and cases cited. But, that does not compel the ultimate conclusion which he urges in this case.

■ The community or separate character of a debt incurred by the husband is determined by the law of the place where it arose. *La Selle v. Woolery,* 14 Wash. 70, 44 Pac. 115 (1896). This rule has been cited with approval in the following cases: *Clark v. Eltinge,* 29 Wash. 215, 223, 69 Pac. 736 (1902); *Huyvaerts v. Roedtz,* 105 Wash. 657, 658, 178 Pac. 801 (1919); *Meng v. Security State Bank,* 16 Wn. (2d) 215, 133 P. (2d) 293 (1943). See *Great American Indemnity Co. of New York v. Garrison,* 75 F. Supp. 811

(1948); 1 de Funiak, Principles of Community Property, 532, § 186 and comment in note 76.

We have examined the authorities cited by plaintiff in support of the rule for which he contends, and have also read the discussion of this and other rules in 2 Beale, Conflict of Laws, 1077 *et seq.*, § 332.1; 2 Rabel, Conflict of Laws, 357 *et seq.*, chapters 28 to 33 inclusive, and some of the authorities these authors cite. We find no sufficient reason to depart from the long established rule expressed in our cited cases. Nor do we consider *Crawford v. Seattle, Renton & Southern R. Co.*, 86 Wash. 628, 150 Pac. 1155 (1915), or *Mirgon v. Sherk*, 196 Wash. 690, 84 P. (2d) 362 (1938), controlling upon the particular problem presented by this case.

The law of Oregon, proven in this case, created no community obligation on the note, and there is no basis for the assertion of a contract between the plaintiff and the community. See 2 Beale, *op. cit. supra*, 1090, § 332.4; Restatement, Conflict of Laws, 409, 410, 413, 438, §§ 332 (d) comment c, 336, 358 comment b. Being inherently the separate obligation of the husband when created, by the law of the state where it arose, it retains that character and is free of any presumption that it is a community obligation. Recovery cannot be had against the community for the separate obligation of one spouse. *La Selle v. Woolery, supra,* and *Smyser v. Smyser*, 17 Wn. (2d) 301, 135 P. (2d) 455 (1943), and cases cited.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.