[No. 10487-0-I.   Division One.   April 9, 1984.]

DENNIS M. CAPLAN, *Respondent*, v. TIMOTHY STEVEN SULLIVAN, *Appellant*.

---

*Dona Cloud,* for appellant.

*Nelvin Bettis,* for respondent.

SCHOLFIELD, J.—Timothy S. Sullivan appeals the trial court's denial of his motion to quash a writ of garnishment served on his employer. He contends that his earnings are community property, not subject to garnishment for a separate tort committed by him prior to his marriage. He also seeks attorney fees and costs incurred at trial and attorney fees incurred on appeal. We reverse, award reasonable attorney fees incurred on appeal and remand to the trial court to determine reasonable attorney fees and costs incurred at the trial level.

The facts in this case are not disputed upon appeal. Timothy Sullivan assaulted Dennis Caplan on December 15, 1975. Sullivan was single at the time of the assault. On March 29, 1976, Caplan filed a complaint seeking damages for the injuries that he sustained in the assault. On April 30, 1976, Sullivan married. Caplan obtained a default judgment against Sullivan for damages in the amount of $15,000, plus costs, on February 4, 1977. He filed a writ of garnishment on April 29, 1981, to garnish Sullivan's earnings in satisfaction of his judgment. Sullivan's motion to quash the writ of garnishment was denied.

The issue presented by this appeal is whether a tortfeasor's community property earnings are subject to garnishment for a tort committed prior to marriage which was reduced to judgment within 3 years of the tortfeasor's marriage, under RCW 26.16.200. The answer depends on whether an unliquidated tort claim is a "debt" as that term is used in the provisos to RCW 26.16.200.

RCW 26.16.200 is the "marital bankruptcy" statute. The general portion provides:

> Neither husband or wife is liable for the debts or liabilities of the other incurred before marriage, nor for the separate debts of each other, nor is the rent or income of the separate property of either liable for the separate debts of the other . . .

The Legislature amended RCW 26.16.200 in 1969, adding two provisos:

> *Provided,* That the earnings and accumulations of the husband shall be available to the legal process of creditors for the satisfaction of debts incurred by him prior to marriage, and the earnings and accumulations of the wife shall be available to the legal process of creditors for the satisfaction of debts incurred by her prior to marriage. For the purpose of this section neither the husband nor the wife shall be construed to have any interest in the earnings of the other: *Provided further,* That no separate debt may be the basis of a claim against the earnings and accumulations of either a husband or wife unless the same is reduced to judgment within three years of the marriage of the parties.[1]

The general portion of RCW 26.16.200 states that neither spouse is liable for the other spouse's premarital "debts or

---

[1]The Legislature amended the second proviso in 1983: "*Provided further,* That no separate debt, except a child support or maintenance obligation, may be the basis of a claim against the earnings and accumulations of either a husband or wife unless the same is reduced to judgment within three years of the marriage of the parties. The obligation of a parent or stepparent to support a child may be collected out of the parent's or stepparent's separate property, the parent's or stepparent's earnings and accumulations, and the parent's or stepparent's share of community personal and real property. Funds in a community bank account which can be identified as the earnings of the nonobligated spouse are exempt from satisfaction of the child support obligation of the debtor spouse."

liabilities." The 1969 provisos, on the other hand, omit any reference to "liabilities." The 1969 provisos, which limit the protections provided for each spouse in the general portion of the statute, refer only to "debts." Only a separate "debt" may be the basis of a claim against the earnings and accumulations of a spouse when it is reduced to judgment within 3 years of marriage.

The Legislature may have inadvertently omitted the term "liabilities" from the provisos. We must assume, however, that the Legislature intended to exclude the term and that it meant what it said. *Jepson v. Department of Labor & Indus.*, 89 Wn.2d 394, 403, 573 P.2d 10 (1977).

The Legislature did not define the term "debts" in its 1969 provisos to RCW 26.16.200. When a statute fails to define a term, it is presumed that the Legislature intended the term to mean what it meant at common law. *In re Marriage of Gimlett*, 95 Wn.2d 699, 701, 629 P.2d 450 (1981). When the term "debts" has been used in a statute, however, prior decisions have recognized that its definition may vary according to the context in which it is used. *See, e.g., Haakenson v. Coldiron*, 190 Wash. 627, 70 P.2d 294 (1937) (alimony and support are not debts under statute exempting the proceeds of accident and health insurance from insured's debts); *In re Cave*, 26 Wash. 213, 66 P. 425 (1901) (alimony is not a debt under statute prohibiting imprisonment for failure to pay a debt); *Hewitt v. Traders' Bank*, 18 Wash. 326, 51 P. 468 (1897) (taxes are not debts in the ordinary sense of the word).

In ordinary understanding, the term "debt" has two meanings. It may refer to an obligation arising from contract. *Commercial State Bank v. Curtis*, 7 Wn.2d 296, 298, 109 P.2d 558 (1941) (dictum); *Columbia Life Ins. Co. v. Hess*, 28 Ohio App. 107, 162 N.E. 466, 469 (1926) (dictum); *Sonnesyn v. Akin*, 12 N.D. 227, 97 N.W. 557, 560 (1903). Applying this definition, the Legislature intended that the earnings and accumulations of a spouse be available to creditors only for that spouse's contract obligations, and not tort obligations. *See* 45 Wash. L. Rev. 191, 194 (1970).

A "debt" may also refer to a sum of money owed which is fixed and certain. *State ex rel. Miller v. National Farmers Org.,* 278 N.W.2d 905, 906 (Iowa 1979) (dictum); *see Bolden v. Jensen,* 69 F. 745, 746 (D. Wash. 1895). Applying this definition, the Legislature intended that the earnings and accumulations of a spouse be available to creditors only for that spouse's fixed and certain obligations, and not contingent obligations or claims for unliquidated damages. *See McElfresh v. Kirkendall,* 36 Iowa 224, 226–27 (1873).

Under either of these definitions, Caplan's claim was not a "debt" prior to Sullivan's marriage. It was not a "debt" either because it arose in tort rather than contract or because it was unliquidated rather than fixed and certain. Under the provisos to RCW 26.16.200, only a separate *"debt"* may be the basis of a claim against the earnings and accumulations of a spouse. Because Caplan's claim was not a "debt," Sullivan's earnings, which are community property, are not subject to garnishment.[2]

Caplan contends that an unliquidated tort claim, such as his was prior to Sullivan's marriage, is a "debt" under the garnishment statute, citing *State ex rel. Am. Piano Co. v. Superior Court,* 105 Wash. 676, 178 P. 827 (1919). He asks this court to adopt the same definition for a "debt" under RCW 26.16.200.

The issue in *American Piano* was whether the value of certain personal property unlawfully transferred under the bankruptcy code is a "debt" under the garnishment statute. The court did hold that the value of the property was a "debt" but because the value was certain and liquidated rather than unliquidated. The court did not hold that an unliquidated tort claim is a "debt" under the garnishment statute. In fact, the court stated:

---

[2]The parties did not brief, and we do not need to decide, the applicability of *deElche v. Jacobsen,* 95 Wn.2d 237, 622 P.2d 835 (1980). Even if *deElche* were to apply to this case, there is no indication in the record that Caplan established that his judgment could not be satisfied out of Sullivan's separate property prior to his attempt to garnish Sullivan's community property earnings, which would be required under the holding in *deElche.*

The true and underlying reason why a writ of attachment or garnishment may not issue in certain cases is because unliquidated damages are sought.

105 Wash. at 683. We do not agree that *American Piano* supports Caplan's contention and decline to hold that an unliquidated tort claim is a "debt" under RCW 26.16.200.

Because we hold that his community property earnings are not subject to garnishment, Sullivan contends that he is entitled to costs and attorney fees incurred at trial in defending against the writ of garnishment, pursuant to RCW 7.33.290.

RCW 7.33 sets forth the procedures to be followed in garnishment proceedings. RCW 7.33.290 provides:

> Where the answer is controverted the costs of the proceeding, including a reasonable compensation for attorney's fees, shall abide the issue of such contest: *Provided,* That no costs or attorney's fees in such contest shall be taxable to defendant in the event of a controversion on the part of plaintiff.

RCW 7.33.290 *requires* that the trial court award costs, including reasonable attorney fees, where the answer is controverted. *Burr v. Lane,* 10 Wn. App. 661, 678, 517 P.2d 988 (1974); *see Yakima Adj. Serv., Inc. v. Durand,* 28 Wn. App. 180, 187, 622 P.2d 408 (1981). Also, the reference to controversion of a garnishee's answer in RCW 7.33.290 includes any defense that a defendant may have to a garnishment. *Watters v. Doud,* 92 Wn.2d 317, 324, 596 P.2d 280 (1979).

In *Watters v. Doud, supra,* the court held that attorney fees had been properly awarded to Doud when he successfully defended against a writ of garnishment on the ground that his separate debt had not been reduced to judgment within 3 years of his marriage, as required under RCW 26.16.200. Sullivan's defense in this case is indistinguishable from the defense asserted in *Watters.* We hold that Sullivan is entitled to costs and reasonable attorney fees incurred in the trial court because the trial court would have been required to award costs and reasonable attorney

fees had it properly quashed the writ of garnishment.

Sullivan also contends that RCW 7.33.290 permits the award of reasonable attorney fees incurred on appeal. We agree. A liberal construction of RCW 7.33.290 is necessary to insure that parties injured by wrongful writs of garnishment will not be discouraged from pursuing their statutory remedies. *See Puget Sound Plywood, Inc. v. Mester,* 86 Wn.2d 135, 144, 542 P.2d 756 (1975); *Brandt v. Impero,* 1 Wn. App. 678, 682–83, 463 P.2d 197 (1969). An appellate court has inherent jurisdiction to fix the amount of attorney fees for services on appeal when allowable by statute. *Brandt v. Impero, supra* at 683. We award $2,500 in attorney fees for this appeal.

We reverse the trial court and direct that the writ of garnishment be quashed. We award Sullivan $2,500 for reasonable attorney fees incurred on appeal and remand to the trial court to determine costs and reasonable attorney fees for services rendered at the trial level.

CORBETT, A.C.J., and SODERLAND, J. Pro Tem., concur.