[No. 14720-7-III.    Division Three.    October 16, 1997.]

STEVEN BLAIR, *Appellant*, v. GIM CORPORATION, INC., ET AL., *Respondents*.

*John S. Matheson* of *Matheson & Matheson*, for appellant.

*William J. Connor* of *Liebler, Ivey & Connor*, for respondents.

BROWN, J. — Does a judgment debtor "controvert" a garnishment by filing a motion to quash a writ of garnishment on the basis that the garnishment proceedings are precluded by a stipulation agreement with the judgment creditor? We decide that it does and affirm the trial court's grant of attorney fees and costs pursuant to the mandatory provisions of RCW 6.27.230. We also determine the proceedings are not frivolous under RCW 4.84.185, but may be the basis for CR 11 sanctions, depending upon further fact finding. Last, we decide the findings, conclusions, and judgment were properly entered pursuant to local

rule. We therefore affirm in part, reverse in part, and remand for further proceedings.

## FACTS

On September 1, 1988, the trial court entered a judgment in the amount of $63,358.86 in favor of Mr. Blair and against respondents and others. Mr. Blair later entered into a stipulation with the respondents providing for monthly payments and restricting Mr. Blair's right to execute on respondents' assets. Despite the stipulation, Mr. Blair then commenced garnishment proceedings against respondents. Respondents brought a motion to quash the garnishment, relying on the stipulation, instead of filing an affidavit to controvert the garnishment defendant's answer to the writ.

In an earlier appeal, we decided the trial court erred in determining the stipulation was void for want of consideration and we remanded to the trial court to determine whether respondents were current in their payments or were in default. *Blair v. GIM Corp.* No. 12128-3-III, (Wash. Ct. App. Mar. 15, 1994). The trial court then found respondents were not in default of the stipulation, and that Mr. Blair had wrongfully garnished respondents' assets. The court awarded respondents costs and fees of $15,990 under RCW 6.27.230. The court also awarded sanctions requested by respondents under CR 11 of $1,260 against Mr. Blair, following his motion for reconsideration, and stated in support of the award: "The plaintiff's motion for reconsideration does not set out appropriate grounds for reconsideration and is frivolous." Mr. Blair now appeals claiming the trial court erred by: (1) awarding attorney fees pursuant to RCW 6.27.230; (2) imposing CR 11 sanctions; and (3) entering findings and conclusions without proper notice of presentation.

## ANALYSIS

*1. Attorney fees and costs under RCW 6.27.230.* Mr. Blair

asserts that the respondents are not entitled to attorney fees and costs pursuant to the court's finding of wrongful garnishment because they did not properly controvert the answer of the garnishee/defendant by affidavit which he contends is required by RCW 6.27.230.

The procedure by which to controvert the answer of the garnishee is set out in RCW 6.27.210, .220 and .230. Those sections state in relevant part:

> If the garnishee files an answer, either the plaintiff or the defendant, if not satisfied with the answer of the garnishee, *may controvert* within twenty days after the filing of the answer, *by filing an affidavit in writing* signed by the controverting party or attorney or agent, stating that the affiant has good reason to believe and does believe that the answer of the garnishee is incorrect . . . .

RCW 6.27.210 (emphasis added).

> If the answer of the garnishee is controverted, as provided in RCW 6.27.210, the garnishee *may* respond by affidavit . . . within twenty days of the filing of the controverting affidavit . . . . Upon expiration of the time for garnishee's response, the matter may be noted by any party for hearing . . . but no pleadings *shall* be necessary on such issue other than the affidavit of the plaintiff, the answer of the garnishee and the reply of the plaintiff or defendant controverting such answer . . . .

RCW 6.27.220 (emphasis added).

> *Where the answer is controverted*, the costs of the proceeding, including a reasonable compensation for attorney's fees, *shall* be awarded to the prevailing party . . . .

RCW 6.27.230 (emphasis added).

Mr. Blair's contention that the garnishment statutes mandate the use of an affidavit as the exclusive means of controverting the garnishee/defendant's answer is without merit. Absent an ambiguity in the language of RCW 6.27.210, the plain language of the statute controls. *Nelson v. McClatchy Newspapers, Inc.,* 131 Wn.2d 523, 936

P.2d 1123 (1997). We find no ambiguity as the statute provides either the plaintiff or the defendant "may . . . by filing an affidavit" controvert the answer of the garnishee. The word "may" is permissive and not mandatory and shows in the context of this statute an elective right to use the affidavit procedure. *Moran v. Washington Fruit & Produce*, 60 Wn. App. 548, 555-56, 804 P.2d 1287 (1991).

■ The context in which this term is used supports this conclusion, as the garnishment laws were designed to simplify the procedures for remediating judgment creditor/debtor relationships, when confronted with collection problems in garnishment proceedings. We reason the permissive use of this simplified procedure does not exclude the use of a more involved procedure in the form of a motion to quash a garnishment, attacking the validity of an underlying judgment or the ability to collect it. *Allstate Ins. Co. v. Khani*, 75 Wn. App. 317, 877 P.2d 724 (1994); *Lindgren v. Lindgren*, 58 Wn. App. 588, 794 P.2d 526 (1990).

■ ■ In *Khani* and *Lindgren*, both defendants challenged garnishments by attacking and vacating underlying default judgments. Mr. Khani's case is illustrative. He used a motion to vacate a default judgment and quashed a writ of garnishment. Ultimately, Mr. Khani prevailed and was awarded attorney fees as the prevailing party for the proceeding, vacating the default judgment and the proceeding quashing the writ of garnishment pursuant to RCW 6.27.230. *Khani*, 75 Wn. App. at 327. We are persuaded the trial court did not err in awarding attorney fees under RCW 6.27.230, as the respondents in a substantially equivalent manner successfully prevented the garnishment. The award of attorney fees for a prevailing party under RCW 6.27.230 is mandatory. The word "shall" in RCW 6.27.230 is not permissive when examining the legislative intent. *Burr v. Lane*, 10 Wn. App. 661, 517 P.2d 988 (1974). The word "shall" is not directory in the context of this case, as it is used not as a guide for orderly procedure but as an imperative to the trial court when consider-

ing the issue of attorney fees for a successfully prevailing controverting party in a contested garnishment proceeding. *Synder v. Cox*, 1 Wn. App. 457, 462, 462 P.2d 573 (1969), *review denied,* 77 Wn.2d 962 (1970).

The court's ruling in *Caplan v. Sullivan*, 37 Wn. App. 289, 679 P.2d 949 (1984) also supports this interpretation. In that case, Mr. Caplan filed a writ of garnishment after obtaining a default judgment against Mr. Sullivan. *Id.* at 290. The trial court then denied Mr. Sullivan's motion to quash the writ. *Id.* Stating that "[a] liberal construction of RCW 7.33.290 is necessary to insure that parties injured by wrongful writs of garnishment will not be discouraged from pursuing their statutory remedies," the appellate court reversed and awarded Mr. Sullivan attorney fees. *Id.* at 295. *Khani, Lindgren,* and *Caplan* demonstrate the court's concern for substance over form regarding controversion of a garnishee's answer. In accord with those cases, we find the respondents successfully controverted the answer, and are entitled to fees and costs. *See Watters v. Doud,* 92 Wn.2d 317, 596 P.2d 280 (1979).

The trial court's award of fees under RCW 6.27.230 is approved.

*2. CR 11 and frivolous claim sanctions.* At the respondents' request, the trial court sanctioned Mr. Blair $1,260 pursuant to CR 11. This amount reflects respondents' attorney fees generated in response to Mr. Blair's motion to reconsider. The decision states in support of the sanction: "The plaintiff's motion for reconsideration does not set out appropriate grounds for reconsideration and is frivolous." Mr. Blair argues that the trial court erred in imposing CR 11 sanctions because he had no opportunity to mitigate the sanction.

We note that "frivolous" claims are analyzed separately under RCW 4.84.185; however, it is not clear that the trial court was referring to more than CR 11 sanctions. The parties did not brief or argue under RCW 4.84.185 that Mr. Blair's actions were frivolous. On the other hand, CR 11 allows courts to impose sanctions upon

a party and/or the attorney for signing pleadings, motions or memoranda in violation of the rule. Pleadings, motions or memoranda which are interposed for any improper purpose, such as to harass the other party, cause unnecessary delay, or needlessly increase the cost of litigation, may trigger CR 11 sanctions.

A trial court's decision regarding CR 11 sanctions is reviewed for an abuse of discretion. *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). An abuse of discretion occurs when an order is manifestly unreasonable or based upon untenable grounds. *Id.* Courts should conduct an inquiry into "what was reasonable to believe at the time the pleading, motion or legal memorandum was submitted" to determine if the attorney engaged in an appropriate level of prefiling investigation. *Bryant v. Joseph Tree Inc.*, 119 Wn.2d 210, 220, 829 P.2d 1099 (1992). Mr. Blair was not granted a hearing to respond to the respondents' motion for sanctions, which should have been provided under the circumstances. We cannot determine from this record that the trial court conducted any inquiry into the reasonableness of Mr. Blair's actions.

CR 11 deals with two types of filings: (1) those "not 'well grounded in fact and . . . warranted by . . . law,'" and (2) those which are interposed for "any improper purpose." *Hicks v. Edwards*, 75 Wn. App. 156, 162, 876 P.2d 953 (1994) (quoting *Bryant*, 119 Wn.2d at 217), *review denied*, 125 Wn.2d 1015 (1995).

The trial court's decision addresses the first type of inappropriate filing under CR 11. The *Bryant* court developed a two-part test for determining whether a filing is not well grounded in fact or law. A " 'pleading, motion or legal memorandum' may be subject to CR 11 sanctions if it is *both* (1) 'baseless' *and* (2) signed without reasonable inquiry." *Hicks*, 75 Wn. App. at 163, (quoting *Bryant*, 119 Wn.2d at 217). *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990); *Lockhart v. Greive*, 66 Wn. App. 735, 743-44, 834 P.2d 64 (1992). A filing is " 'base-

less' " if (a) not well grounded in fact, or (b) not warranted by (i) existing law or (ii) a good faith argument for the alteration of existing law. *Hicks*, 75 Wn. App. at 163 (quoting *Bryant*, 119 Wn.2d at 219-20).

As in *Bryant*, we must inquire whether or not Mr. Blair's motion to reconsider was baseless. Mr. Blair objected to the proposed findings and conclusions, and argued that an award of fees and costs was improper because the garnishee's answer was not controverted in the manner contemplated by RCW 6.27.230. The trial court did not explain why it believed the objection was groundless nor did it explain why it believed the pleading was frivolous. We cannot say that the argument is entirely without merit. Without relevant findings, we cannot objectively evaluate the attorney's conduct and the imposition of sanctions under CR 11. *Doe v. Spokane & Inland Empire Blood Bank*, 55 Wn. App. 106, 111-12, 780 P.2d 853 (1989). The court in *Doe* remanded the matter for entry of findings. *Id.* at 112. This procedure is also appropriate here due to the insufficiency of the record.

Further, we cannot say that the entire action as a whole was frivolous. *Biggs v. Vail*, 119 Wn.2d 129, 830 P.2d 350 (1992); *Suarez v. Newquist*, 70 Wn. App. 827, 832-33, 855 P.2d 1200 (1993). The trial court erred in awarding $1,260 as a sanction against Mr. Blair under either CR 11 or RCW 4.84.185. The award is therefore reversed and this issue is remanded to the trial court for further proceedings.

*3. Presentation of findings, conclusions and judgment.* Mr. Blair contends the trial court erred by signing the final findings of fact and conclusions of law, and amended judgment without a proper notice of presentation.

Generally, a trial court must wait to sign findings of fact and conclusions of law until the losing party has received notice of their submission and has been served with copies. CR 52(c). No order or judgment is to be entered until opposing counsel is served with a copy of the proposed judgment unless notice of presentation has been

waived. CR 54(f)(2)(B). At the court's discretion, a party who fails to appear at a hearing after notice may be deemed to have waived the right to notice and present-ment. CR 52(c). Judgments may be presented at the same time as findings of fact and conclusions of law. CR 54(f)(1).

However, according to Benton County LCR 52, each party who desires to submit findings of fact and conclu-sions of law, as well as proposed judgment, must serve them on opposing counsel. LCR 52(a). Either party may then object within 15 days of service. LCR 52(b). If neither party objects, the judge must, within 10 days, either sign the findings, conclusions and judgment, or return them to counsel with requested changes or additions. LCR 52 (b)(1). The record discloses the procedure for presentation under the local rule was followed. There was no error in present-ing the final papers on the central issue of this case.

## CONCLUSION

Attorney fees and costs were properly awarded pursu-ant to RCW 6.27.230. They are mandatory under these facts. Additional costs and attorney fees are granted for this appeal to the respondents. We cannot say this matter considered as a whole was frivolous under RCW 4.84.185, and in this, the trial court, to the extent it may have relied on the statute, erred. The record is, however, inadequate to determine whether CR 11 sanctions are merited. The award of $1,260 as a sanction under CR 11 is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion. Also, because the trial court erred in not granting a hearing on the motion for CR 11 sanctions, Mr. Blair should be allowed to be heard before the court makes its final decision. Finally, the trial court acted consistently with LCR 52 when enter-ing the findings, conclusions and judgment for the substan-tive proceeding.

Affirmed in part, reversed in part, and remanded for further proceedings.

SWEENEY, C.J., and THOMPSON, J. Pro Tem., concur.