[Nos. 38213-6-I; 39048-1-I; Division One. August 17, 1998.] 41299-0-I.

J.T. HALEY, *Appellant*, v. CARL HIGHLAND, *Respondent*.

*Jeffrey T. Haley* of *Graybeal, Jackson, Haley & Johnson*; and *William R. Bishin* of *William R. Bishin, Inc., P.S.*, for appellant.

*Leland G. Ripley*, for respondent.

BECKER, J. — Victims of separate torts, unable to satisfy their judgments from the tort-feasor's separate property, may execute upon the tort-feasor's half interest in community property. We hold that this rule, established by the Supreme Court in *deElche v. Jacobsen*[1] and *Keene v. Edie*,[2] is not limited by RCW 26.16.200, the "marital bankruptcy" statute.

J.T. Haley, a Bellevue attorney, sued Carl Highland in July 1994 to recover amounts he had invested in a Seattle software company, Coresoft Corporation. Highland was Coresoft's president. After the parties had gone through mandatory arbitration, Haley requested a trial de novo. The jury found a securities violation and Haley obtained judgment for $23,126.

Once it became clear that Highland lacked sufficient sep-

---

[1] *deElche v. Jacobsen*, 95 Wn.2d 237, 622 P.2d 835 (1980).

[2] *Keene v. Edie*, 131 Wn.2d 822, 935 P.2d 588 (1997).

arate property to satisfy the judgment, Haley sought to collect it from Highland's share of assets owned by the Highland marital community. The trial court ruled that all the assets of the Highland marital community were protected from Haley's collection efforts under RCW 26.16.200. Haley appeals from that ruling.[3]

Haley characterizes his claim as a statutory tort and relies on *deElche v. Jacobsen*[4] to assert that he may reach Highland's share of the assets of the Highland marital community in order to collect his judgment. Highland agrees that the judgment arises from a tort, but argues that because the tort was committed before Highland's marriage, Haley cannot recover from Highland's community property. Highland's argument relies on RCW 26.16.200 and *Caplan v. Sullivan*.[5]

RCW 26.16.200 is sometimes referred to as the "marital bankruptcy" statute.[6] But the source of the "marital bankruptcy" rule that holds community property exempt from all judgments for separate torts or debts, is found in judicial decisions, not in RCW 26.16.200.[7] Until 1969, the entire statute was one sentence:

> Neither husband or wife is liable for the debts or liabilities of the other incurred before marriage, nor for the separate debts of each other, nor is the rent or income of the separate property of either liable for the separate debts of the other.[8]

This sentence establishes only that getting married does

---

[3]Because the order designated brings up for review earlier orders which prejudicially affect it, Haley did not need to appeal from earlier similar rulings to preserve review of the issue. *See* RAP 2.4(b); *Fox v. Sunmaster Prods., Inc.*, 115 Wn.2d 498, 505, 798 P.2d 808 (1990).

[4]*deElche v. Jacobsen*, 95 Wn.2d at 244.

[5]*Caplan v. Sullivan*, 37 Wn. App. 289, 679 P.2d 949 (1984).

[6]*See, e.g., Van Dyke v. Thompson*, 95 Wn.2d 726, 729, 630 P.2d 420 (1981).

[7]*See Id.* at 730 (citing *Achilles v. Hoopes*, 40 Wn.2d 664, 665-66, 245 P.2d 1005 (1952)); *see also Schramm v. Steele*, 97 Wash. 309, 313-15, 166 P.2d 634 (1917), *discussed in deElche v. Jacobsen*, 95 Wn.2d at 239.

[8]Code of 1881 § 2405.

not make either the husband or the wife liable for the separate debts and liabilities the other spouse brings to the marriage. Legislation enacted in 1969 added to the statute two provisos allowing creditors access to each spouse's "earnings and accumulations" to satisfy "debts" incurred prior to marriage, if the claim was reduced to judgment within three years of the marriage:

> PROVIDED, That the earnings and accumulations of the husband shall be available to the legal process of creditors for the satisfaction of debts incurred by him prior to marriage, and the earnings and accumulations of the wife shall be available to the legal process of creditors for the satisfaction of debts incurred by her prior to marriage. For the purpose of this section neither the husband nor the wife shall be construed to have any interest in the earnings of the other: PROVIDED FURTHER, That no separate debt may be the basis of a claim against the earnings and accumulations of either a husband or wife unless the same is reduced to judgment within three years of the marriage of the parties.[9]

The Legislature was creating an exception to the judicially-created rule of marital bankruptcy when, in 1969, it added the two provisos.[10]

---

[9]LAWS OF 1969, 1st Ex. Sess., ch. 121.

[10]*Id.* As further amended in later years, RCW 26.16.200 now reads in full:

> Neither husband or wife is liable for the debts or liabilities of the other incurred before marriage, nor for the separate debts of each other, nor is the rent or income of the separate property of either liable for the separate debts of the other: PROVIDED, That the earnings and accumulations of the husband shall be available to the legal process of creditors for the satisfaction of debts incurred by him prior to marriage, and the earnings and accumulations of the wife shall be available to the legal process of creditors for the satisfaction of debts incurred by her prior to marriage. For the purpose of this section, neither the husband nor the wife shall be construed to have any interest in the earnings of the other: PROVIDED FURTHER, That no separate debt, except a child support or maintenance obligation, may be the basis of a claim against the earnings and accumulations of either a husband or wife unless the same is reduced to judgment within three years of the marriage of the parties. The obligation of a parent or stepparent to support a child may be collected out of the parent's or stepparent's separate property, the parent's or stepparent's earnings and accumulations, and the parent's or stepparent's share of community personal and real property. Funds in a community bank account which

Whether the separate "debts" made collectible from "earnings and accumulations" by the 1969 provisos include separate tort judgments was the issue in *Caplan v. Sullivan*.[11] When Sullivan was single he assaulted Caplan. Within three years of Sullivan's marriage, Caplan obtained a tort judgment against him. The trial court allowed Caplan to file a writ of garnishment against Sullivan's earnings to collect his tort judgment. Reversing, the *Caplan* court ordered the writ to be quashed because under the 1969 provisos to RCW 26.16.200, only a separate "debt" may be the basis of a claim against the earnings and accumulations of a spouse.[12] The court held Caplan's judgment was not a "debt" both because it arose in tort, rather than contract, and because the original claim was unliquidated, rather than fixed and certain.

Haley's judgment, like Caplan's judgment, was based on an unliquidated tort claim. Highland thus contends that Haley's efforts to collect from community property should, like Caplan's efforts, be quashed. This argument would prevail were it not for the landmark decision of *deElche v. Jacobsen*.[13]

■ Before *deElche*, community property was entirely exempt from separate tort judgments under *Schramm v. Steele*.[14] After *deElche* and its sequel, *Keene v. Edie*,[15] the victim of a separate tort may recover against the tortfeasor's half interest in community property, both personal

---

can be identified as the earnings of the nonobligated spouse are exempt from satisfaction of the child support obligation of the debtor spouse.

[11]*Caplan v. Sullivan*, 37 Wn. App. at 291.

[12]*Id.* at 293.

[13]*deElche v. Jacobsen*, 95 Wn.2d at 237; *see Caplan v. Sullivan*, 37 Wn. App. at 293 n.2 (expressly avoiding analysis of the effect of *deElche* because the parties had not briefed it).

[14]*Schramm v. Steele*, 97 Wash. at 318, overruled by *deElche v. Jacobsen*, 95 Wn.2d at 247.

[15]*Keene v. Edie*, 131 Wn.2d at 834-35, affirming and extending *deElche v. Jacobsen*, 95 Wn.2d at 244, to allow recovery against the tort-feasor's half interest in community real property when the tort-feasor's separate property and share of community personal property are insufficient to satisfy the judgment.

and real. The *deElche* Court, in deciding to overrule *Schramm*, first found the "logical basis" for its prior decision had been eroded by the abandonment of the theory of the marital community as a distinct legal entity.[16] The Court also found no statutory requirement that all community property be exempt from satisfying separate tort judgments. Finally, the Court noted the distinction which can be made between debts and torts and concluded, "it is not necessary that the rules regarding them be parallel."[17]

Highland argues that *deElche* should be limited to allow recovery from community property only for separate torts committed during marriage, like the rape in *deElche*, and not for separate torts committed prior to marriage. But the Court's reasoning in *deElche* did not turn on the fact that the tort-feasor was married when he committed the tort. Instead, the Court applied the broad principle that " 'absent express statutory provision, or compelling public policy, the law should not immunize tortfeasors or deny remedy to their victims.' "[18] The Court saw no reason "why property owned by a person should be exempt from tort judgments."[19]

In view of *deElche*, it does not matter that RCW 26.16.200 provides no permission for a tort victim to satisfy separate tort judgments from community property owned by the tort-feasor. The permission to recover from the tort-feasor's one-half interest in community property is expressly given in *deElche* and *Keene*. The three-year time

---

[16]*deElche v. Jacobsen*, 95 Wn.2d at 242-44.

[17]*deElche v. Jacobsen*, 95 Wn.2d at 246 n.3, *discussed in Colorado Nat'l Bank v. Merlino*, 35 Wn. App. 610, 619, 668 P.2d 1304, *review denied*, 100 Wn.2d 1032 (1983) (holding that a debtor spouse's one-half share of community property may not be reached to satisfy a judgment for that spouse's separate debt arising from the purchase of real property). *See also Nichols Hills Bank v. McCool*, 104 Wn.2d 78, 88, 701 P.2d 1114 (1985), *discussed in Keene v. Edie*, 131 Wn.2d at 833 (a creditor is less deserving of protection than a tort victim because a creditor has a measure of control over the legal consequences of its acts in relationship to the marital community).

[18]*Keene v. Edie*, 131 Wn.2d at 832, quoting *Freehe v. Freehe*, 81 Wn.2d 183, 192, 500 P.2d 771 (1972).

[19]*deElche v. Jacobsen*, 95 Wn.2d at 244.

limit in RCW 26.16.200 for reducing separate debts to judgment does not apply to tort claims.

In summary, the trial court erred when it found RCW 26.16.200 to be the controlling authority. Haley's collection efforts must be governed by *deElche* and *Keene*. If Highland's separate property is insufficient to satisfy Haley's judgment, Haley may execute first upon Highland's one-half interest in community personal property, and then upon his one-half interest in the community real property.[20] The interest of Highland's wife is protected by an equitable lien as provided in *deElche*.[21] The trial court's orders blocking Haley's collection efforts are reversed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

COLEMAN and ELLINGTON, JJ., concur.

Review granted at 137 Wn.2d 1019 (1999).

---

[20]*Keene v. Edie*, 131 Wn.2d at 831.

[21]*deElche v. Jacobsen*, 95 Wn.2d at 246-47.