# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

PAUL N. and DEBORAH R. HAGMAN, husband and wife, and RYAN P. HAGMAN, as his separate estate,

　　　　　　　　　　Respondents,

　　　　v.

WARREN C. WILLIAMS; JOHN L. SCOTT, INC.; 10820 EVERGREEN LLC, d/b/a MICHAEL HAGAN ESCROW; ROBERT T. MAPLE,

　　　　　　　　　　Defendants,

　　　　　　and

HMC CAPITAL INVESTMENTS, INC. d/b/a JOHN L. SCOTT SNOHOMISH; BARBARA A. SHELTON; CHRISTOPHER GOUGH; JOHN or JANE DOE, designated broker of JOHN L. SCOTT SNOHOMISH;

　　　　　　　　　　Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 71156-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 15, 2015

BECKER, J. — The prevailing party under a contractual fee-shifting provision is generally entitled to an award of attorney fees only if the underlying action involves claims "on the contract." Because Barbara Shelton failed to demonstrate that the Hagmans' tort claims for fraud and negligent misrepresentation were based on the parties' contract, the trial court did not err in refusing to award Shelton attorney fees as the prevailing party following a voluntary dismissal under CR 41. Nor has Shelton demonstrated that the trial court abused its discretion in denying CR 11 sanctions. We affirm.

FACTS

For purposes of this appeal, the relevant facts are not disputed. In 2010, Paul, Deborah, and Ryan Hagman (Hagman) purchased an unimproved parcel of property in Skagit County from Warren Williams. Barbara Shelton, the managing real estate broker of HMC Capital Investments, Inc., d/b/a John L. Scott Snohomish, represented the seller Williams. Her husband, Christopher Gough, a real estate broker in the same office, represented Hagman. As part of the transaction, Gough, on behalf of John L. Scott, and Hagman executed a Buyer's Agency Agreement.

After the purchase, Hagman learned that he would not be able to obtain a building permit for the property because it lacked access to an adequate water supply. On April 25, 2012, Hagman filed this action against the seller, the real estate brokers, and others associated with the transaction, seeking rescission of the purchase and sale agreement and damages. Among other things, Hagman alleged that the defendants

> actually knew (had actual knowledge) or had reason to know that the Lot 2 did not have a well to use or an adequate supply of water, and intentionally, recklessly, and/or negligently concealed this information from Plaintiffs and fraudulently induced the sale.

As to the real estate brokers, HMC, Shelton, and Gough (collectively Shelton), Hagman's complaint alleged claims of fraud, negligent misrepresentation, and violation of the Consumer Protection Act, chapter 19.86 RCW.

On November 1, 2012, Shelton moved for summary judgment. On December 3, 2012, the trial court concluded that genuine issues of material fact remained and denied the motion. The court also denied Shelton's motion for attorney fees and CR 11 sanctions.

On July 30, 2013, Hagman moved for a voluntary dismissal of all his claims under CR 41(a)(1)(B). He explained that discovery revealed that his preferred remedy of rescission was not possible. Hagman further asserted that because there were no contract claims and that all claims against Shelton arose out of statutory and common-law duties, the dismissal should be without an award of costs or attorney fees.

Shelton did not oppose dismissal but maintained that she was the prevailing party under the attorney fee provision in the Buyer's Agency Agreement and therefore entitled to an award of attorney fees and costs. Shelton also asserted that she was entitled to attorney fees under CR 11 because Hagman was "unable to show that Shelton had done anything wrong."

Following oral argument on October 18, 2013, the trial court granted Hagman's motion and dismissed the case without prejudice. The court declined to award attorney fees but ruled that attorney fees and costs would be addressed should Hagman "reinstitute any claims." Shelton appeals.

Hagman initially contends that the trial court's order is not appealable. But Shelton has not sought review of the order granting voluntary dismissal without

prejudice. Rather, she challenges the trial court's denial of an attorney fee award. Courts have generally found such decisions appealable as a matter of right. See Allahyari v. Carter Subaru, 78 Wn. App. 518, 521 n.2, 897 P.2d 413 (1995), abrogated on other grounds by Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 200 P.3d 683 (2009).

## ANALYSIS

Shelton contends that the trial court erred in failing to award attorney fees under paragraph 11 of the Buyer's Agency Agreement, which provided:

> **ATTORNEYS' FEES.** In the event of suit concerning this Agreement, including claims pursuant to the Washington Consumer Protection Act, the prevailing party is entitled to court costs and a reasonable attorney's fee.

She argues that because she was the prevailing party under this provision, the trial court was obligated to award attorney fees. Shelton also contends that the trial court erred in failing to award attorney fees under CR 11.

"Whether a party is entitled to attorney fees is an issue of law that we review de novo." Little v. King, 147 Wn. App. 883, 890, 198 P.3d 525 (2008). Shelton relies primarily on Singleton v. Frost, 108 Wn.2d 723, 730, 742 P.2d 1224 (1987), which held that when RCW 4.84.330 applies, "the trial court has the power to limit an award of attorney's fees to a reasonable sum; however, this power does not extend to allow the complete denial of attorney's fees where the contract provides for their award."

-4-

Shelton concedes that the attorney fee provision in the Buyer's Agency Agreement authorized an award "to the prevailing party in the event that a lawsuit was commenced by either party *for the enforcement of the contract*." (Emphasis added.) The prevailing party may recover under such a contractual fee-shifting provision, however, only if the opposing party brings a claim "on the contract":

> that is, only if a party seeks to recover under a specific contractual provision. If a party alleges breach of a duty imposed by an external source, such as a statute or the common law, the party does not bring an action on the contract, even if the duty would not exist in the absence of a contractual relationship.

Boguch v. Landover Corp., 153 Wn. App. 595, 615, 224 P.3d 795 (2009) (citing Hemenway v. Miller, 116 Wn.2d 725, 743, 807 P.2d 863 (1991); Burns v. McClinton, 135 Wn. App. 285, 310-11, 143 P.3d 630 (2006), review denied, 161 Wn.2d 1005 (2007); G.W. Constr. Corp. v. Prof'l Serv. Indus., Inc., 70 Wn. App. 360, 366, 853 P.2d 484 (1993), review denied, 123 Wn.2d 1002 (1994)).

An action is "'on the contract'" for purposes of a contractual attorney fees provision if the action (1) "'arose out of the contract'" and (2) "'if the contract is central to the dispute.'" Boguch, 153 Wn. App. at 615 (quoting Tradewell Group, Inc. v. Mavis, 71 Wn. App. 120, 130, 857 P.2d 1053 (1993)). "'If the tortious breach of a duty, rather than a breach of a contract, gives rise to the cause of action, the claim is *not* properly characterized as breach of contract.'" Boguch, 153 Wn. App. at 616 (emphasis added) (quoting Owens v. Harrison, 120 Wn. App. 909, 915, 86 P.3d 1266 (2004)).

In resisting summary judgment, Hagman expressly alleged that Shelton was liable for breaching common law and statutory duties. On appeal, Shelton has not disputed or even addressed Hagman's specific arguments regarding breach of common law and statutory duties. Nor has she made any showing that Hagman's claims of fraud and negligent misrepresentation were based on her violation of specific contractual provisions. Under the circumstances, Shelton has not shown that Hagman's claims were "on the contract" or that the trial court erred in failing to award contractual attorney fees for defending against Hagman's tort claims. Cf. Boguch, 153 Wn. App. at 619 (because realtor's common law and statutory duty to exercise reasonable care exists regardless of any contractual provision, seller's negligence claims are not "on the contract"). Consequently, Frost does not apply to the facts here.

Shelton also contends that the trial court erred in refusing to award attorney fees for Hagman's violation of CR 11. CR 11 requires that a party's pleadings, motions, or legal memoranda be grounded in fact, warranted by existing law, and not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. CR 11(a); see, e.g., Blair v. GIM Corp., 88 Wn. App. 475, 482-83, 945 P.2d 1149 (1997). Because CR 11 sanctions have a potential chilling effect, the trial court should impose sanctions only when it is patently clear that a claim has absolutely no chance of success; the fact that a complaint does not prevail on its merits is

not enough. Skimming v. Boxer, 119 Wn. App. 748, 755, 82 P.3d 707, review denied, 152 Wn.2d 1016 (2004). We review the trial court's decision to deny CR 11 sanctions for an abuse of discretion. Skimming, 119 Wn. App. at 754.

Shelton alleges that Hagman's lawsuit was not well grounded in fact or warranted by existing law. But Shelton does not address the trial court's denial of her summary judgment motion and motion for CR 11 sanctions. Rather, she relies solely on conclusory allegations that she was contractually and statutorily immune from any liability whatsoever. Because Shelton has not supported the alleged error with any meaningful legal argument, references to the arguments before the trial court, or citation to relevant authority, she has failed to demonstrate that the trial court abused its discretion in refusing to impose CR 11 sanctions. Cf. Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (appellate court will decline to consider issues unsupported by cogent legal argument and citation to relevant authority).

Hagman requests attorney fees for responding to a frivolous appeal. See RAP 18.9. An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). We resolve any doubts as to whether an appeal is frivolous in the appellant's favor. Granville Condo.

Homeowners Ass'n v. Kuehner, 177 Wn. App. 543, 558, 312 P.3d 702 (2013).

Applying this standard, we deny Hagman's request.

Affirmed.

Becker, J.

WE CONCUR: